IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADEN GROUP B.V. § | | Civil Action No. 4:23-cv-00630 |
| and BRADEN AMERICAS, INC. § | | |
|    Plaintiffs § | | Judge Keith P. Ellison |
| § | | |
| v. § | | |
| § | | |
| ENERGYLINK INTERNATIONAL INC. § | | |
| and ENERGYLINK CORPORATION § | | |
|    Defendants § | | |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF
## MOTION TO DISMISS AND TO STAY

Dated: March 15, 2023      BAKER & HOSTETLER LLP

Billy M. Donley, *attorney-in-charge*
Texas Bar No. 05977085
Mark E. Smith, *of counsel*
Texas Bar No. 24070639
811 Main Street, Suite 1100
Houston, Texas 77002
T (713) 751-1600
F (713) 751-1717

Kevin W. Kirsch, *of counsel*
(admitted *pro hac vice*)
Ohio Bar No. 81996
Andrew E. Samuels, *of counsel*
(admitted *pro hac vice*)
Ohio Bar No. 90189
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
T (614) 228-1541
F (614) 462-2616

*Attorneys for Defendants*
*EnergyLink International Inc.*
*and EnergyLink Corporation*

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | NATURE AND STAGE OF PROCEEDING | 2 |
| III. | ISSUES TO BE RULED UPON | 4 |
| IV. | ARGUMENT | 5 |
|  | A. Braden's complaint should be dismissed entirely. | 5 |
|  | 1. All of Braden's claims should be dismissed for lack of standing because Braden fails to plead copyright ownership. | 5 |
|  | 2. All of Braden's claims should be dismissed because Braden fails to identify the copyrights at issue and whether they are registered or exempt from registration. | 7 |
|  | 3. Braden's "declaratory judgment of copyright ownership" claim (Count II) should be dismissed because EnergyLink has not claimed ownership of the disputed copyrights. | 9 |
|  | B. This case should be stayed while this motion is pending and, if any claims survive this motion, for discovery on standing and statute-of-limitations issues. | 11 |
| V. | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bhatti v. Sessions*,
   No. 16-2090, 2018 WL 4190141 (S.D. Tex. Aug. 10, 2018) ...................................................... 4

*Bob Daemmrich Photography, Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*,
   No. 1:15-CV-1098, 2017 WL 2544046 (W.D. Tex. June 12, 2017) ...................................... 7, 8

*Canadian Standards Ass'n v. P.S. Knight Co.*,
   No. 1:20-CV-1160, 2023 WL 1769832 (W.D. Tex. Jan. 4, 2023) ............................................ 8

*Cole v. John Wiley & Sons, Inc.*,
   No. 11-2090, 2012 WL 3133520 (S.D.N.Y. Aug. 1, 2012) ...................................................... 7

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ................................................................................................... 4

*DigitAlb, Sh.a v. Setplex, LLC*,
   284 F. Supp. 3d 547 (S.D.N.Y. 2018) ..................................................................................... 8

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*,
   634 F.3d 787 (5th Cir. 2011) ................................................................................................... 4

*Helia Tec Res., Inc. v. GE & F Co.*,
   No. 09-1482, 2011 WL 4383085 (S.D. Tex. Sept. 20, 2011) ................................................ 10

*Jordan v. Sony BMG Music Ent. Inc.*,
   354 F. App'x 942 (5th Cir. 2009) .......................................................................................... 12

*Kolley v. Adult Prot. Servs.*,
   No. 10-CV-11916, 2012 WL 5819475 (E.D. Mich. Feb. 10, 2012) ........................................ 9

*Laufer v. Patel*,
   No. 20-631, 2021 WL 327704 (W.D. Tex. Feb. 1, 2021) ...................................................... 11

*Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*,
   23 F. Supp. 3d 344 (S.D.N.Y. 2014) ....................................................................................... 8

*Optima Tobacco Corp. v. US Flue-Cured Tobacco Growers, Inc.*,
   171 F. Supp. 3d 1303 (S.D. Fla. 2016) .................................................................................... 6

*Palmer Kane LLC v. Scholastic Corp.*,
   No. 12-3890, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013) .............................................. 5, 7, 8

*Palmer/Kane LLC v. Benchmark Educ. Co.*,
 No. 18-CV-9369, 2020 WL 85469 (S.D.N.Y. Jan. 6, 2020) ..................................................8

*Petrus v. Bowen*,
 833 F.2d 581 (5th Cir. 1987) ..............................................................................................5, 11

*Plunket v. Doyle*,
 No. 99-11006, 2001 WL 175252 (S.D.N.Y. Feb. 22, 2001) ...................................................8

*Sherwin-Williams Co. v. Holmes Cnty.*,
 343 F.3d 383 (5th Cir. 2003) ..............................................................................................5, 9

*Slinski v. Bank of Am., N.A.*,
 981 F. Supp. 2d 19 (D.D.C. 2013) .....................................................................................9, 10

*Alex A. ex rel. Smith v. Edwards*,
 No. 22-573, 2023 WL 100146 (M.D. La. Jan. 4, 2023) .........................................................11

*Sykes v. RBS Citizens, N.A.*,
 No. 13-cv-334, 2015 WL 10963741 (D.N.H. Apr. 21, 2015) ................................................11

*Taylor v. IBM*,
 54 F. App'x 794 (5th Cir. 2002) ..............................................................................................8

*Tempest Pub., Inc. v. Hacienda Recs. & Recording Studio, Inc.*,
 No. 12-736, 2013 WL 5964516 (S.D. Tex. Nov. 7, 2013) ......................................................6

*Twin City Fire Ins. Co. v. Carpenter*,
 No. 3:21-CV-1077, 2021 WL 3172269 (N.D. Tex. July 26, 2021) .....................................5, 9

*Wallert v. Atlan*,
 141 F. Supp. 3d 258 (S.D.N.Y. 2015) .....................................................................................6

*Warren v. John Wiley & Sons., Inc.*,
 952 F. Supp. 2d 610 (S.D.N.Y. 2013) .....................................................................................9

*Zahedi v. Miramax, LLC*,
 No. 20-4512, 2021 WL 3260603 (C.D. Cal. Mar. 24, 2021) .................................................11

**Statutes**

17 U.S.C. § 204(a) ..........................................................................................................................6

17 U.S.C. § 411(a) ..........................................................................................................................8

17 U.S.C. § 501(b) .......................................................................................................................4, 6

17 U.S.C. § 507(b) ........................................................................................................................12

**Rules**

Fed. R. Civ. P. 12(b)(1).................................................................................................1, 5, 9

Fed. R. Civ. P. 12(b)(6).................................................................................................1, 4, 5, 7

**Other Authorities**

Wright & Miller, 10B Federal Practice & Procedure § 2759 (3d ed. 1998).....................................9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADEN GROUP B.V. § | | Civil Action No. 4:23-cv-00630 |
| and BRADEN AMERICAS, INC. § | | |
| Plaintiffs § | | Judge Keith P. Ellison |
| § | | |
| v. § | | |
| § | | |
| ENERGYLINK INTERNATIONAL INC. § | | |
| and ENERGYLINK CORPORATION § | | |
| Defendants § | | |

## DEFENDANTS' MOTION TO DISMISS AND TO STAY

Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants EnergyLink International Inc. and EnergyLink Corporation move to dismiss Plaintiffs' complaint (Doc. No. 1).

## I. INTRODUCTION

All of Braden's claims depend on whether Braden owns the right to enforce, or whether EnergyLink infringed, valid copyrights in "Engineering Drawings, including but not limited to" a drawing that Braden calls "the AIG Assembly Drawing." (Doc. No. 1 ¶¶ 25, 28, 37, 38, 39, 42, 44, 46, 47, 48, 50, 51, 55, 56, 60.) But Braden fails to identify all of the alleged copyrights, fails to allege how it owns the right to enforce the alleged copyrights, and fails to plead that the alleged copyrights are registered or exempt from registration. For all these reasons, Braden's entire complaint should be dismissed.

Braden's Count II, seeking a "declaratory judgment of copyright infringement," should be dismissed for an additional reason: EnergyLink has not claimed ownership of the alleged copyrights. Rather, EnergyLink contends that a third party owns them. That contention does not give rise to a declaratory judgment-worthy dispute between Braden and EnergyLink.

1

Braden's pleading defects raise potentially dispositive threshold questions about whether Braden lacks standing to bring its claims and whether Braden's claims are time-barred. While this motion is pending, and before any claims that might survive this motion go forward, EnergyLink should be allowed to conduct immediate discovery on standing and statute-of-limitations issues.

## II. NATURE AND STAGE OF PROCEEDING

Last December, Braden's lawyers sent EnergyLink's CEO a letter accusing EnergyLink of having possessed, "used and/or disclosed" unidentified "intellectual property assets" allegedly "belonging to" Braden. (*Id.* at Ex. D.) Without any supporting evidence, Braden claimed "rightful owner[ship]" of these unidentified "assets" as "successor-in-interest" to a now-defunct company called Innova Global Ltd. (*Id.*) Braden demanded that EnergyLink "immediately return" the unidentified "assets" and threatened to sue EnergyLink "for misappropriation of trade secrets, breach of contract, unfair competition, breach of the fiduciary duty of loyalty, and tortious interference with prospective economic advantage." (*Id.*)

EnergyLink wrote Braden back to request "evidence" of what the "assets" were, how Braden claimed ownership of those assets, and how EnergyLink allegedly misused the assets. (*Id.* at Ex. E.) Braden took two weeks to respond. (*Id.* at Ex. I.) Braden's response was just as vague as its initial letter: "As a non-limiting example, Braden believes that EnergyLink is improperly in possession of and/or misusing drawings that depict aspects of Braden and/or Innova's AIG[1] design." (*Id.*) Braden added, without evidence, that it "dispute[d] th[e] statement" that it did not own the "assets." (*Id.*) EnergyLink tried to continue its discussions with Braden, but Braden did not respond further. (*Id.* at Ex. J.)

---

[1] "AIG" means "ammonia injection grid," which is a part of a selective catalytic reduction ("SCR") system. SCR systems "help gas turbine systems generate clean power and reduce emissions of harmful air pollutants." (Doc. No. 1 ¶ 4.)

Instead, Braden sued EnergyLink. But Braden did not assert any claims that it threatened in its letter. Rather than claiming trade secret misappropriation or breach of contract, for example, Braden built its entire complaint around one specific copyright and unidentified other copyrights:

- In Count I, Braden claims infringement of one copyright in one "AIG Assembly Drawing." (*Id.* ¶ 39.) While Braden alleges that its claim is "including but not limited to" that one copyright, Braden identifies no other particular copyright in its complaint. (*Id.* ¶ 38.)

- In Count II, Braden seeks a declaratory judgment "that Braden is the owner of the copyright in the Engineering Drawings, including but not limited to the AIG Assembly Drawing." (*Id.* ¶ 50.) Braden identifies no other particular copyright or drawing in its complaint.

- In Count III, Braden seeks a declaratory judgment of no tortious interference with EnergyLink's prospective business relations. Braden claims that its allegations of copyright ownership and infringement relating to the Engineering Drawings "do not constitute tortious interference." (*Id.* ¶ 55.) Braden identifies no particular Engineering Drawings except the one "AIG Assembly Drawing." (*Id.* ¶ 51.)

- In Count IV, Braden seeks a declaratory judgment of no business disparagement on the same grounds as those alleged in Count III. (*Id.* ¶ 60.)

Braden provides no detail, however, about how it allegedly owns any copyright at issue. Braden simply alleges that Innova Global Ltd. is Braden's "predecessor-in-interest" and then concludes that "Braden owns all right, title and interest" in the copyrights. (*Id.* ¶¶ 24–25.) Braden likewise alleges that it "owns intellectual property transferred from Innova." (*Id.* at Ex. I.) Yet Braden's complaint fails to attach, or even describe, any document by which Innova allegedly conveyed any copyright to Braden.

Just yesterday, after weeks of requests from EnergyLink's counsel, Braden's counsel produced a purported agreement that it claimed would "moot [the copyright ownership] aspect of [EnergyLink's] motion to dismiss." Ex. 1. The purported agreement does no such thing. On its face, it describes ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

3

███████████████████████████████████████. Ex. 2.[2] But the only specifically alleged copyrighted work identified in the complaint states on its face ████████████████████████████████████████████. (Doc. No. 1 at Ex. A, C.) And Braden alleges to have acquired its alleged copyrights from ████████████████ ██████████. (*Id.* ¶¶ 24, 53, Ex. D, Ex. I.)[3] Yet Braden has failed to attach to the complaint any agreement with Innova Global Ltd. assigning copyright ownership to the asserted works and has failed to allege any detail about how it owns any of the copyrights at issue.

## III.   ISSUES TO BE RULED UPON

1. Whether all of Braden's claims should be dismissed for lack of statutory standing because Braden fails to plead copyright ownership. 17 U.S.C. § 501(b). The standard of review is the Fed. R. Civ. P. 12(b)(6) plausibility standard. *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011); *Bhatti v. Sessions*, No. 16-2090, 2018 WL 4190141, at *2 (S.D. Tex. Aug. 10, 2018).

2. Whether all of Braden's claims should be dismissed because Braden fails to identify the copyrights at issue and whether they are registered or exempt from registration. The standard

---

[2] The Court may consider Braden's purported agreement on this motion to dismiss. Braden's allegations, including its allegation that "Braden owns intellectual property transferred from Innova" (Doc. No. 1 at Ex. I), bring the purported agreement within the complaint's scope. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

[3] While outside the pleadings and not necessary to decide this motion, the evidence will confirm that Innova Global *Operating* Ltd. and Innova Global Ltd. are distinct entities. Innova Global Ltd. owned a partnership interest in Innova Global Holdings LP. Innova Global Holdings LP owned 100% of the common shares of Innova Global Operating Ltd. As such, Innova Global Operating Ltd. is an indirect subsidiary of Innova Global Ltd. twice removed.

of review is the Fed. R. Civ. P. 12(b)(6) plausibility standard. *Palmer Kane LLC v. Scholastic Corp.*, No. 12-3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013).

3. Whether Braden's "declaratory judgment of copyright ownership" claim (Count II) should be dismissed because EnergyLink has not claimed ownership of the disputed copyrights. The standard of review is governed by Fed. R. Civ. P. 12(b)(1) and requires courts to consider "(1) whether the claim is justiciable; (2) whether the district court has the authority to grant declaratory relief; and (3) whether to exercise its discretion not to hear the case." *Twin City Fire Ins. Co. v. Carpenter*, No. 3:21-CV-1077, 2021 WL 3172269, at *2 (N.D. Tex. July 26, 2021) (citing *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003)).

4. Whether this case should be stayed while this motion is pending and, if any claims survive this motion, for immediate threshold discovery on standing and statute-of-limitations issues. The standard of review is discretionary. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

## IV. ARGUMENT

### A. Braden's complaint should be dismissed entirely.

#### 1. All of Braden's claims should be dismissed for lack of standing because Braden fails to plead copyright ownership.

Braden fails to plead ownership of any copyright at issue. As a result, Braden lacks statutory standing to assert the copyrights and this Court lacks subject-matter jurisdiction over Braden's claims. The entire complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

In all four of its claims, Braden alleges ownership of copyrights in "Engineering Drawings." *See* Doc. No. 1 at Count I ¶ 38 ("Braden is the sole and exclusive copyright owner of the Engineering Drawings . . . ."), Count II ¶¶ 44, 46 (incorporating prior paragraphs and alleging that "Braden . . . is the sole and exclusive copyright owner in the Engineering Drawings"), Count III ¶¶ 51, 55 (incorporating prior paragraphs and alleging that "Braden owns all rights in

and to the Engineering Drawings"), Count IV ¶¶ 56, 60 (incorporating prior paragraphs and alleging that "Braden owns all rights in and to the Engineering Drawings"). But Braden inadequately pleads enforceable rights in the asserted copyright(s) and therefore lacks standing to pursue those claims.

If Braden does not own the alleged copyrights, then it lacks standing to assert them. 17 U.S.C. § 501(b); *see also Tempest Pub., Inc. v. Hacienda Recs. & Recording Studio, Inc.*, No. 12-736, 2013 WL 5964516, at *7 (S.D. Tex. Nov. 7, 2013) ("To sue for copyright infringement, a plaintiff must own that copyright."); *Optima Tobacco Corp. v. US Flue-Cured Tobacco Growers, Inc.*, 171 F. Supp. 3d 1303, 1308–09 (S.D. Fla. 2016) (same). To plead copyright ownership, a plaintiff cannot "merely allege[]" that it came to own the copyright as "the successor in interest to all of [a third party]'s rights." *Wallert v. Atlan*, 141 F. Supp. 3d 258, 277 (S.D.N.Y. 2015). Instead it must plausibly allege that copyright ownership was "transferred" either "by operation of law" or "by 'an instrument of conveyance, or a note or memorandum of the transfer . . . in writing.'" *Id.* (quoting 17 U.S.C. § 204(a)). Without that allegation, any claims based on copyright ownership must be dismissed. *See Tempest*, 2013 WL 5964516, at *7 ("A plaintiff asserting copyright ownership through transfer lacks statutory standing to pursue an infringement claim if there is no signed writing documenting the transfer.").

Braden's claims lack that allegation. In the complaint, Braden claims to own copyrights in "Engineering Drawings" and acknowledges that they were Innova Global Ltd. drawings. (Doc. No. 1 ¶¶ 24, 25.) Braden's only alleged bases for ownership are that Innova Global Ltd. is Braden's "predecessor-in-interest" (*id.*) and that it "owns intellectual property transferred from" Innova Global Ltd. (*id.* at Ex. I). Yet Braden's complaint alleges *no facts* to support either allegation: no facts indicating that Braden is Innova Global Ltd.'s successor in interest, no facts of any transfer

of rights from Innova Global Ltd. to Braden, and no facts about any writing that would evidence such a transfer. And the document allegedly reflecting this transfer is between Braden and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 2. Lacking any factual basis for copyright ownership, Braden's complaint should be dismissed entirely.

> **2. All of Braden's claims should be dismissed because Braden fails to identify the copyrights at issue and whether they are registered or exempt from registration.**

Braden also fails to identify the copyrights at issue and whether they are registered or exempt from registration. Its complaint thus should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See Palmer Kane*, 2013 WL 709276, at *3 (dismissing copyright claim on this basis).

Despite basing all four of its claims on alleged copyrights in "Engineering Drawings," Braden fails to identify those copyrights. While Braden names one "example" copyright, it purports to identify its copyrights in open-ended language: "Engineering Drawings, *including but not limited to* the AIG Assembly Drawing." (Doc. No. 1 ¶¶ 25, 28, 37, 38, 39, 42, 44, 46, 47, 48, 50, 51, 55, 56, 60, Prayer for Relief) (emphasis added). And it claims ownership of, and accuses EnergyLink of infringing, an unidentified number of unnamed copyrights. (*Id.* ¶¶ 39, 42.) This pleading defect also warrants dismissal.

A plaintiff must identify its copyrights without using open-ended "including but not limited to" language. "Not only is it inadequate to base an infringement claim on overly-inclusive lists of copyrighted works, but it is also insufficient to list certain works that are the subject of an infringement claim, and then allege that the claim is also intended to cover other, unidentified works." *Cole v. John Wiley & Sons, Inc.*, No. 11-2090, 2012 WL 3133520, at *12 (S.D.N.Y. Aug. 1, 2012); *accord Bob Daemmrich Photography, Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*, No. 1:15-CV-1098, 2017 WL 2544046, at *4 (W.D. Tex. June 12, 2017). Courts routinely dismiss

7

copyright infringement claims on this basis. *See, e.g.*, *id.*; *Palmer Kane*, 2013 WL 709276, at *3 ("[S]ince [plaintiff] has provided a list of works but indicated that this list is not exhaustive . . . , the complaint fails to specify which works are at issue."); *Plunket v. Doyle*, No. 99-11006, 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001) (dismissing copyright claim when plaintiff alleged that "her copyright claims are not limited to [the listed] works"); *see also Taylor v. IBM*, 54 F. App'x 794 (5th Cir. 2002) (favorably citing *Plunket*, 2001 WL 175252, at *1). This Court should do the same.

A plaintiff also must allege that its copyrights either are registered with the U.S. Copyright Office or exempt from registration because they cover a non-"United States work." 17 U.S.C. § 411(a); *see also Bob Daemmrich*, 2017 WL 2544046, at *4 (requiring plaintiff to plead copyright registration); *Canadian Standards Ass'n v. P.S. Knight Co.*, No. 1:20-CV-1160, 2023 WL 1769832, at *5 (W.D. Tex. Jan. 4, 2023) ("A party relying on the registration exemption must sufficiently allege that the works are not United States works . . . ."). "[N]on-United States works" are "works first published outside the United States in a foreign country that is a signatory to the Berne Convention." *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 555 (S.D.N.Y. 2018). Except for the one copyright identified in the complaint, Braden has failed to do so. For this reason, too, Braden's claims should be dismissed.

Alternatively, this Court should limit Braden's claims to the one drawing that it specifically identified (the "AIG Assembly Drawing") and dismiss the parts of the claims that relate to unidentified copyrights. *See Palmer/Kane LLC v. Benchmark Educ. Co.*, No. 18-CV-9369, 2020 WL 85469, at *3 (S.D.N.Y. Jan. 6, 2020) (dismissing "claims as to works other than those listed" in complaint); *Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 353 n.7 (S.D.N.Y. 2014) ("To the extent that [p]laintiff seeks to assert copyright infringement claims for

works not listed . . . , the Court . . . dismisses that portion of the [complaint]."); *Warren v. John Wiley & Sons., Inc.*, 952 F. Supp. 2d 610, 617 & n.2 (S.D.N.Y. 2013) (dismissing "portion of [complaint]" asserting "copyright claims regarding . . . unspecified photographs").

### 3. Braden's "declaratory judgment of copyright ownership" claim (Count II) should be dismissed because EnergyLink has not claimed ownership of the disputed copyrights.

Braden's Count II, seeking a "declaratory judgment of copyright ownership," should be dismissed for another reason: there is no controversy about whether Braden or *EnergyLink* owns the copyrights at issue. The dispute is about whether Braden or *a third party*, such as Innova Global Ltd., owns the copyrights. So Count II should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. *See Twin City Fire*, 2021 WL 3172269, at *1 (dismissing declaratory judgment claim under Rule 12(b)(1)).

"Courts in the Fifth Circuit consider three questions when deciding whether to dismiss a declaratory relief action: (1) whether the claim is justiciable; (2) whether the district court has the authority to grant declaratory relief; and (3) whether to exercise its discretion not to hear the case." *Twin City Fire*, 2021 WL 3172269, at *2 (citing *Sherwin-Williams*, 343 F.3d at 387). In considering these questions, "one of the most important considerations that may induce a court to deny declaratory relief is that the judgment sought would not settle the controversy between the parties." *Kolley v. Adult Prot. Servs.*, No. 10-CV-11916, 2012 WL 5819475, at *9 (E.D. Mich. Feb. 10, 2012) (citing Wright & Miller, 10B Federal Practice & Procedure § 2759 (3d ed. 1998)), *aff'd*, 725 F.3d 581 (6th Cir. 2013).

A dispute about whether a party or a *third party* owns property, for example, does not settle a controversy between two parties. *Slinski v. Bank of Am., N.A.*, 981 F. Supp. 2d 19 (D.D.C. 2013). In *Slinski*, a prospective homebuyer and a prospective tenant sued Bank of America and Freddie Mac for allegedly denying them the chance to buy a condo. *Id.* at 23–25. In one of their claims,

9

the plaintiffs sought a declaratory judgment "establishing whether Freddie Mac or Bank of America owns" the condo. *Id.* at 38. The court exercised its discretion to dismiss this claim because "the plaintiffs do not claim an ownership interest" in the condo "themselves." *Id.*

This Court should dismiss Braden's claim for similar reasons. Braden's claim raises the issue of whether Braden or a *third party*, such as Innova Global Ltd., owns the copyrights at issue. (Doc. No. 1 ¶¶ 24, 53, 58, Ex. J.) EnergyLink has not claimed ownership of the copyrights.[4] So even if Braden were to win the relief it seeks—a declaration of copyright ownership—that relief would not settle the controversy between Braden and EnergyLink. The parties would still be litigating Braden's allegations of, and EnergyLink's defenses to, copyright infringement. Because Braden's requested declaration would not settle the controversy between the parties, its declaratory judgment claim should be dismissed.

And even if the declaration could settle the controversy between the parties, it would not settle any ownership controversy between the parties and *Innova Global Ltd.* Braden admits that Innova Global Ltd. once owned the alleged copyrights. (*Id.* at Ex. D.) EnergyLink believes that Innova Global Ltd. continues to own them and has not transferred the right to enforce them to Braden. These issues make Innova Global Ltd. a necessary party, and Braden's claim of copyright ownership cannot proceed without Innova Global Ltd. *See Helia Tec Res., Inc. v. GE & F Co.*, No. 09-1482, 2011 WL 4383085, at *4 (S.D. Tex. Sept. 20, 2011) (dismissing complaint for failure to join necessary third party when "[d]isposition of the dispute . . . will necessarily result in determination of the ownership" of property to which third party "currently holds title"). Braden's claim should be dismissed for this reason, too.

---

[4] EnergyLink makes this statement (and any similar statements in this brief) based on the only copyright actually identified in the complaint.

### B. This case should be stayed while this motion is pending and, if any claims survive this motion, for discovery on standing and statute-of-limitations issues.

While this motion is pending, and after the Court rules on this motion (if any claims survive), this case should be stayed pending discovery on potentially dispositive standing and statute-of-limitations issues. "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus*, 833 F.2d at 583. These preliminary questions include standing and statute-of-limitations questions, especially in copyright cases. *See, e.g.*, *Zahedi v. Miramax, LLC*, No. 20-4512, 2021 WL 3260603, at *2 (C.D. Cal. Mar. 24, 2021) (staying "discovery that does not focus on . . . issues of [copyright] ownership and the statute of limitations until those issues are resolved"); *Laufer v. Patel*, No. 1:20-CV-631, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021) ("Because standing is a threshold jurisdictional requirement . . . discovery should be stayed until the [d]istrict [c]ourt has determined whether it has jurisdiction over this case."); *Sykes v. RBS Citizens, N.A.*, No. 13-cv-334, 2015 WL 10963741, at *2 (D.N.H. Apr. 21, 2015) (ordering "interim discovery plan" to "provide deadlines for purposes of resolving the issue of application of the statutes of limitations"). These questions merit a stay here.

**Standing.** If Braden does not own the right to enforce the alleged copyrights, then it lacks standing to assert those copyrights. *See* Section III.A.1, above. Until the threshold issue of standing is resolved, either on this motion or through discovery about standing, the rest of the case should be stayed. *See Laufer v. Patel*, No. 20-631, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021) ("Because standing is a threshold jurisdictional requirement, . . . discovery should be stayed until the [d]istrict [c]ourt has determined whether it has jurisdiction over this case."); *accord Alex A. ex rel. Smith v. Edwards*, No. 22-573, 2023 WL 100146, at *3 (M.D. La. Jan. 4, 2023) (collecting

cases). Any discovery about standing should at least include immediate production of all transactional documents which allegedly support Braden's claim of copyright ownership.

**Statute of limitations.** Braden's complaint also raises questions about whether its claims are time-barred. The statute of limitations for civil copyright claims is three years "after the claim accrued." 17 U.S.C. § 507(b). A copyright claim accrues when the plaintiff "knew or had reason to know of the injury upon which the claim is based." *Jordan v. Sony BMG Music Ent. Inc.*, 354 F. App'x 942, 945 (5th Cir. 2009).

Braden filed its complaint on February 17, 2023. (Doc. No. 1.) On the face of Exhibit B to the complaint, Braden knew or had reason to know of its alleged injury at least as early as February 18, 2020—just a day shy of three years before the complaint. (*Id.* at Ex. B.) But Exhibit B further indicates that Braden knew or had reason to know of its alleged injury before then. Exhibit B purportedly is an email that third party AUS sent to Braden, attaching the engineering drawing at issue, on February 18, 2020. (*Id.*) And the body of the email suggests that it was not AUS's first communication with Braden about the drawing:

```
From:        Jimmy Rich <jimmy@ausmanufacturing.com>
Sent:        Tuesday, February 18, 2020 2:20 PM
To:          Bob McGinty
Subject:     FW: EnergyLink New Piping Arrangement
Attachments: 19011-CS1-3072_0.pdf; 19011-CS1-3070_0.pdf; 19011-CS1-3071_0.pdf; BUSA 52409 External
             Ammonia Piping - Drawing Package_ 5.pdf
```

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recogniz sender and know the content is safe.

Next email with drawings.....

Best Regards,

Jimmy Rich

(*Id.*) The email assumes familiarity with the "drawings" at issue, which strongly suggests that Braden knew or had reason to know of its alleged injury before February 18, 2020. If Braden knew before February *17*, 2020, then its claims are time-barred. 17 U.S.C. § 507(b).

If any of Braden's claims survive, then this case should also be stayed pending discovery about when Braden first knew or had reason to know of its alleged injury, including the circumstances leading up to the February 18, 2020 email. Any such discovery should at least include immediate production of all 2019 and 2020 communications between Braden and AUS relating to the engineering drawing depicted in Exhibits A and C to Braden's complaint.

## V. CONCLUSION

EnergyLink's motion should be granted and Braden's complaint should be dismissed entirely. This case should be stayed until the Court rules on this motion. And if the complaint is not dismissed entirely, then any remaining claims should be stayed pending discovery on standing and statute-of-limitations issues.

Dated: March 15, 2023

Respectfully submitted,

BAKER & HOSTETLER LLP

*/s/ Billy M. Donley*
Billy M. Donley, *attorney-in-charge*
Texas Bar No. 05977085
Mark E. Smith, *of counsel*
Texas Bar No. 24070639
811 Main Street, Suite 1100
Houston, Texas 77002
T (713) 751-1600
F (713) 751-1717

Kevin W. Kirsch, *of counsel*
(admitted *pro hac vice*)
Ohio Bar No. 81996
Andrew E. Samuels, *of counsel*
(admitted *pro hac vice*)
Ohio Bar No. 90189
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
T (614) 228-1541
F (614) 462-2616

*Attorneys for Defendants EnergyLink International Inc. and EnergyLink Corporation*

**CERTIFICATE OF CONFERENCE**

Under Court Procedure 5(G), I certify that EnergyLink's counsel conferred with Braden's counsel, including Kevin Su, on March 10, 2023 about the non-dispositive aspects of this motion. Braden did not agree to EnergyLink's requested relief.

Dated: March 15, 2023 *s/ Billy M. Donley*

**CERTIFICATE OF SERVICE**

Under Federal Rule of Civil Procedure 5(b) and LR 5.3, I hereby certify that on March 15, 2023 a true and correct copy of the foregoing was filed via CM/ECF and served upon all counsel of record via email as follows:

| | |
|---|---|
| Bailey K. Benedict | benedict@fr.com |
| Kevin Su | su@fr.com |
| Adam J. Kessel | kessel@fr.com |
| Joshua Hain Park | jpark@fr.com |
| Kristen McCallion | mccallion@fr.com |
| Philip K. Chen | pchen@fr.com |

*Attorneys for Plaintiffs*
*Braden Group B.V. and Braden Americas Inc.*

*s/ Billy M. Donley*