# EXHIBIT J

| | |
|---|---|
| **From:** | Kevin Graham <KGraham@stikeman.com> |
| **Sent:** | Thursday, January 26, 2023 3:21 PM |
| **To:** | Kevin Su |
| **Cc:** | Philip Chen; Jonathan Auerbach; Craig Story |
| **Subject:** | RE: EnergyLink's January 12, 2023 letter |

**<u>Without Prejudice</u>**

Dear Mr. Su

We are in receipt of your email below.

The deadlines set out in our previous correspondence have been dictated by the conduct of your client and the damages our client is suffering as a result. Had your client proceeded reasonably by simply forwarding your December 27, 2022 cease and desist letter and awaiting our client's response, we would not be in this position. However, your client chose to start making unsubstantiated aspersions in the market which are damaging our client on a daily basis.

It is also disingenuous for you to suggest that:

(i) "nowhere in your correspondence to me does EnergyLink specifically deny that it has taken and used, without authorization, material from Braden and/or Innova, including the engineering drawings at issue. Further, your January 12, 2023 letter appears to acknowledge EnergyLink's use of engineering drawings, yet fails to deny that such drawings were taken from Innova or derived from Innova material. Nor does EnergyLink deny that its SCR systems incorporate the designs illustrated in those drawings …"; and

(ii) "EnergyLink has only raised concerns that Braden does not "own" the intellectual property at issue".

Indeed, our letter of January 12 expressly states:

> "We have reviewed the allegations in your letter with our client and EnergyLink is not aware of any use being made of engineering drawings relating to SCR systems or other "intellectual property assets" that could be purportedly owned by Innova and/or Braden. ***As such, EnergyLink adamantly denies the allegations in your letter***". [Emphasis added]

To the extent that there is still any uncertainty, our client expressly denies that it has made any use of engineering drawings relating to SCR systems or other "intellectual property assets" that could be purportedly owned by Innova and/or Braden. This is the reason that we requested evidence of your client's allegations of misuse.

We also note that your response does not include any of the requested evidence of misuse but rather baldly asserts that "Braden believes that EnergyLink is improperly in possession of and/or misusing drawings that depict aspects of Braden and/or Innova's AIG design". Your client's belief does not constitute evidence. In addition, we would have expected that your client would have assembled such evidence prior to forwarding a cease and desist letter and definitely prior to making allegations of misuse to customers/potential customers in the market. As such, the evidence should be readily accessible for your client to provide.

With respect to your client's purported ownership of "intellectual property", as clearly set out in our letter of January 26, that information was received from "informed sources involved with the bankruptcy process for Innova", not from Mr. Wong as your email suggests. In any event, that information was provided to explain why our client was requesting evidence that title in any of the engineering drawings and/or other purported "intellectual property assets" alleged to have been misused were lawfully transferred from Innova to Braden. Again, we would assume that this evidence should be readily available given the assertions in your cease and desist letter and the statements your client is making in the market. Yet again, your client has failed to present that evidence.

Overall, your email has done nothing to advance these discussions, in particular in view of the disingenuous characterizations of our previous correspondence and, more importantly, your client's failure to present any evidence in support of its allegations and/or to take steps to remedy the misleading statements made in the market. In this regard, if your client's statements were only that "Braden owns intellectual property transferred from Innova" as you assert, there

1

would have been no reason for a customer to have advised EnergyLink that it cannot continue to do business with EnergyLink until the matter is resolved. Clearly assertions of misconduct by EnergyLink must have been made.

In view of the foregoing as well as the ongoing damage being suffered by our client in the market, our client has no choice but to commence forwarding the letter to customers/potential customers attached to our email of January 23 unless and until your client presents evidence in support of its allegations and/or take steps to remedy its misstatements.

Notwithstanding anything set out above or in our previous correspondence, our client expressly reserves all legal rights and remedies available in respect of this matter, including but not limited to damages, an accounting of profits, as well as interlocutory and permanent injunctive relief and legal costs.

Best regards,
Kevin Graham

**Kevin Graham**

Direct:   +1 613 564 3471
Email:    kgraham@stikeman.com

---

**From:** Kevin Su <Su@fr.com>
**Sent:** Thursday, January 26, 2023 10:34 AM
**To:** Kevin Graham <KGraham@stikeman.com>
**Cc:** Philip Chen <pchen@fr.com>; Jonathan Auerbach <JAuerbach@stikeman.com>; Craig Story <CStory@stikeman.com>
**Subject:** RE: EnergyLink's January 12, 2023 letter


Dear Kevin:

I write in response to your letter of January 12, 2023 and emails of January 18 and 23, 2023.

EnergyLink's continued unilateral deadlines are not well-taken. It has been just short of a month since my initial December 27, 2022 cease and desist letter to EnergyLink, and any suggestion that my client is "not interested in attempting to resolve this matter amicably" or that we have "failed to address … these matters in a timely fashion" is simply incorrect. Instead, EnergyLink has now demanded three times over the course of less than two weeks for an essentially immediate response under the threat of imminent legal action. This approach is unreasonable and counterproductive to an amicable resolution to the dispute at hand.

I note that nowhere in your correspondence to me does EnergyLink specifically deny that it has taken and used, without authorization, material from Braden and/or Innova, including the engineering drawings at issue. Further, your January 12, 2023 letter appears to acknowledge EnergyLink's use of engineering drawings, yet fails to deny that such drawings were taken from Innova or derived from Innova material. Nor does EnergyLink deny that its SCR systems incorporate the designs illustrated in those drawings and that it competes with Braden for sales of these systems. As a non-limiting example, Braden believes that EnergyLink is improperly in possession of and/or misusing drawings that depict aspects of Braden and/or Innova's AIG design.

Rather, EnergyLink has only raised concerns that Braden does not "own" the intellectual property at issue. We dispute this statement, and further note that it is curious that your letter implies that EnergyLink and/or Mr. Wong purport to have reliable, much less credible, knowledge about the transfer of assets from Innova to Braden. As you must know, Mr. Wong was terminated from Innova prior to the asset transfer.

The balance of your January 12, 2023 letter, as well as your January 18 and 23, 2023 emails, improperly attempts to divert attention from EnergyLink's unauthorized acts to allegations against Braden. However, EnergyLink's statements as to certain unspecified statements Braden has allegedly made to others are, at best, vague and ambiguous and do not provide sufficient detail to allow Braden to fully and fairly investigate EnergyLink's claims. At present, we must conclude

2

that your statements do not accurately characterize interactions between Braden and its customers and/or potential customers, much less the actions of EnergyLink, as well as the interactions between EnergyLink and its customers and/or potential customers, which are more properly at issue in my original letter. However, as best as we can understand your letter and emails, our view is that statements in the marketplace that Braden owns intellectual property transferred from Innova are true and unremarkable – as are statements, by corollary, that EnergyLink does not own the same intellectual property and should therefore refrain from using it.

Best regards,
Kevin


**Kevin K. Su ::** Principal **::** Fish & Richardson P.C.
One Marina Park Drive, Boston, MA 02210-1878
617 521 7827 direct **::** 617 542 5070 main **::** 617 542 8906 fax

---

**From:** Kevin Graham <KGraham@stikeman.com>
**Sent:** Monday, January 23, 2023 11:56 AM
**To:** Kevin Su <Su@fr.com>
**Cc:** Philip Chen <pchen@fr.com>; Jonathan Auerbach <JAuerbach@stikeman.com>; Craig Story <CStory@stikeman.com>
**Subject:** RE: EnergyLink's January 12, 2023 letter

[This email originated outside of F&R.]

**Without Prejudice**

Dear Mr. Su

I am writing further to our letter of January 12 and our exchange of emails on January 18.

Notwithstanding our request for a response to our above-noted letter by the end of the day **January 19**, we have yet to receive a substantive response from you or your client.

As mentioned in our above-noted correspondence, your client's unsubstantiated, false and misleading statements are causing irreparable damage to our client. While our client believes it is in the parties' best interest to try to resolve this matter amicably, your client has failed to address (or even expressed an intention to address) these matters in a timely fashion.

Our client cannot allow this irreparable harm to continue. As such, unless your client provides the information and undertakings requested in our above-noted letter (including but not limited to any evidence that your client may have in support of the allegations that it is the owner of any of the engineering drawings and/or other purported "intellectual property assets" previously owned by Innova and that EnergyLink has misused same) by no later than the end of the day **Thursday, January 26**, our client will have no choice but to conclude that your client is not interested in attempting to resolve this matter amicably and will be taking steps in an effort to mitigate the irreparable damage that your client's misstatements are causing in the marketplace, including sending the attached letter to customers who our client understands have received the unsubstantiated statements from Braden.

As previously referenced, notwithstanding anything set out above or in our previous correspondence, our client expressly reserves all legal rights and remedies available in respect of this matter, including but not limited to damages, an accounting of profits, as well as interlocutory and permanent injunctive relief and legal costs.

Best regards,
Kevin Graham

**Kevin Graham**

Direct:   +1 613 564 3471
Email:    kgraham@stikeman.com

---

**From:** Kevin Graham
**Sent:** Wednesday, January 18, 2023 12:19 PM
**To:** Kevin Su <Su@fr.com>
**Cc:** Philip Chen <pchen@fr.com>; Jonathan Auerbach <JAuerbach@stikeman.com>; Craig Story <CStory@stikeman.com>
**Subject:** RE: EnergyLink's January 12, 2023 letter

**Without Prejudice**

Dear Mr. Su

Receipt of your email below is acknowledged.

While we agree that it is in the best interest of the parties to try to resolve this matter amicably, we disagree that our request for a response by the end of the day tomorrow is unreasonable given the circumstances.  As referenced in our letter of January 12, 2023, your client's false and misleading statements are causing immediate and irreparable damage to our client and its business, for which your client will be held accountable.

We also note that your email below also does not even suggest when we can expect to receive a substantive response from your client.  As such, our client has no assurance that your client is addressing this matter in a timely manner or is even interested in trying to resolve the dispute.

As such, we encourage your client to provide a response as soon as possible.  In the interim, our client reserves any and all legal rights and remedies available to it, including initiating legal proceedings when it deems appropriate.

Best regards,
Kevin

**Kevin Graham**

Direct:   +1 613 564 3471
Email:    kgraham@stikeman.com

---

**From:** Kevin Su <Su@fr.com>
**Sent:** Wednesday, January 18, 2023 9:44 AM
**To:** Kevin Graham <KGraham@stikeman.com>; Jonathan Auerbach <JAuerbach@stikeman.com>; Craig Story <CStory@stikeman.com>
**Cc:** Philip Chen <pchen@fr.com>
**Subject:** Re: EnergyLink's January 12, 2023 letter


Dear Kevin,

We are in receipt of your letter of January 12, 2023 (sent by email to my attention).  Braden is considering the statements and demands made therein, and we will respond in due course.  EnergyLink's unilateral deadline of one week (to January 19, 2023) for Braden to respond to your letter, along with EnergyLink's threats of immediate legal action if we do not meet your demands by your deadline, are unreasonable and not conducive to resolving the dispute between the parties, given the substantial rights at issue.

Best regards,
Kevin

**Kevin K. Su ::** Principal **::** Fish & Richardson P.C.
One Marina Park Drive, Boston, MA 02210-1878
617 521 7827 direct **::** 617 542 5070 main **::** 617 542 8906 fax

**************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
**************************************************************************************************

Stikema

Follow us:  LinkedIn / Twitter / stikeman.com

**Stikeman Elliott LLP**   Barristers & Solicitors

Suite 1600, 50 O'Connor Street, Ottawa, ON  K1P 6L2 Canada

This email is confidential and may contain privileged information. If you are not an intended recipient, please delete this email and notify us immediately. Any unauthorized use or disclosure is prohibited.

**************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
**************************************************************************************************

Stikema

Follow us:  LinkedIn / Twitter / stikeman.com

**Stikeman Elliott LLP**   Barristers & Solicitors

Suite 1600, 50 O'Connor Street, Ottawa, ON  K1P 6L2 Canada

This email is confidential and may contain privileged information. If you are not an intended recipient, please delete this email and notify us immediately. Any unauthorized use or disclosure is prohibited.