UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRADEN GROUP B.V. and BRADEN AMERICAS, INC.<br><br>        Plaintiff,<br><br>  v.<br><br>ENERGYLINK INTERNATIONAL INC. and ENERGYLINK CORPORATION<br>        Defendant. | C.A. No. 4:23-cv-00630<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND TO STAY**

## TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................................................... 1

II. NATURE AND STAGE OF THE PROCEEDINGS ............................................................ 2

III. STATEMENT OF ISSUES TO BE RULED ON ................................................................ 5

IV. ARGUMENT ................................................................................................................ 5

    A. EnergyLink's Motion to Dismiss Must Be Denied Because It Is Moot .......................... 5

    B. A Stay of Discovery (or a One-Sided Stay) Is Unwarranted ......................................... 6

V. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                    **Page(s)**

*360 Mortgage Grp., LLC v. LoanCare LLC*,
    No. 1:18-cv-332 RP, 2018 WL 6272034 (W.D. Tex. Nov. 30, 2018)......................6

*Edge196 LLC v. Jointer, Inc.*,
    No. H-20-3417, 2021 WL 4027696 (S.D. Tex. Jan. 22, 2021)..................................6

*Garza v. Universal Healthcare Services, Inc.*,
    No. 2:16-CV-364, 2017 WL 11646816 (S.D. Tex. Aug. 18, 2017) .........................6

*Hymes v. AmCap Mortgage, Ltd.*,
    No. H-19-515, 2019 WL 1748678 (S.D. Tex. Apr. 18, 2019)..................................1

*Kjessler v. Zaappaaz, Inc.*,
    No. 4:18-0430, 2019 WL 3017132 (S.D. Tex. Apr. 24, 2019)..................................1

*Laufer v. Patel*,
    No. 1:20-cv-631-RP, 2021 WL 327704 (W.D. Tex. Feb. 1, 2021) ..................7, 8, 9

*Maxim Integrated Prod., Inc. v. State Farm Mut. Auto. Ins. Co.*,
    No. SA-14-CV-1030-XR, 2015 WL 10990119 (W.D. Tex. Feb. 12, 2015) .........6, 7

*New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans
    Archdiocesan Cemeteries*,
    56 F.4th 1026 (5th Cir. 2023) .................................................................5, 6, 7

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    572 U.S. 663 (2014)...............................................................................................9

*Ragar Transportation Ltd. v. Lear Corp.*,
    No. 5:17-CV-52, 2017 WL 11684679 (S.D. Tex. Aug. 4, 2017) .........................6, 7

*Rickey v. GVD Hyde Park, LLC*,
    No. 4:20-cv-881, 2021 WL 1025760 (E.D. Tex. Mar. 17, 2021) ............................7

*Skinner v. Switzer*,
    562 U.S. 521, 530 (2011).......................................................................................1

*Alex A. ex rel. Smith v. Edwards*,
    No. 22-573, 2023 WL 100146 (M.D. La. Jan. 4, 2023) ......................................8, 9

**Other Authorities**

Fed. R. Civ. P. Rule 8 ......................................................................................................1

Fed. R. Civ. P. Rule 12(b)(1) ......................................................................................1, 2

Fed. R. Civ. P. Rule 12(b)(6) ..................................................................................................1

Fed. R. Civ. P. Rule 15(a)(1)(B) ..........................................................................................1, 5

**I.    INTRODUCTION**

In an effort to preclude inquiry into its unauthorized copying of Braden's proprietary engineering drawings, EnergyLink seeks dismissal of Braden's copyright infringement claim under Rule 12(b)(6) based on an incorrect understanding of both the facts and the law. Braden filed its claim for copyright infringement against EnergyLink because EnergyLink distributed and reproduced, without authorization, Braden's proprietary engineering drawings. EnergyLink's Motion does not dispute these wrongful acts, but instead argues that Braden's Complaint is factually deficient on Braden's ownership of the copyrights and fails to put EnergyLink on notice of its infringement. EnergyLink is wrong on both accounts.

Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Kjessler v. Zaappaaz, Inc.*, No. 4:18-0430, 2019 WL 3017132, at *9 (S.D. Tex. Apr. 24, 2019) (citing *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Braden's Original Complaint met this requirement—it identified the works that were intentionally taken by EnergyLink's employees and unlawfully distributed to third parties. (*See* Dkt. 1 at ¶¶ 25–29, 38–41.)

Nonetheless, Braden is amending its complaint as a matter of course under Rule 15(a)(1)(B) to further identify the particular infringed copyrighted works at issue in this case, the facts supporting Braden's ownership of copyrights in those works, and the facts supporting EnergyLink's copying and reproduction of said works.[1] (*See* Dkt. 33 at ¶¶ 1, 25–36, 46–53, 57–61.) These amendments render EnergyLink's Rule 12(b) motion moot as a matter of law. *See Hymes v. AmCap Mortgage, Ltd.*, No. H-19-515, 2019 WL 1748678, at *2–3 (S.D. Tex. Apr. 18, 2019).

---

[1] Exhibit A, attached to this Opposition, is a redlined version of the First Amended Complaint filed at Dkt. 33.

Similarly, EnergyLink's request for dismissal under Rule 12(b)(1) of Braden's claim for declaratory judgment for copyright ownership also lacks merit. Braden filed its declaratory judgment claim for copyright ownership after EnergyLink challenged (and continues to challenge) Braden's ownership of the copyrights identified in Braden's Original Complaint. Although Braden's Amended Complaint also moots EnergyLink's Rule 12(b)(1) motion, the obvious active dispute between the parties—as shown by EnergyLink's motion itself, which challenges Braden's copyright ownership—also clearly answers the question of whether there is an adequate case or controversy.

Finally, EnergyLink's request to stay the entire case while its now-moot motion is pending to address fabricated questions regarding Braden's standing should be promptly denied. EnergyLink's Motion does not demonstrate good cause or even attempt to address the relevant factors to show that a stay is warranted.[2] Additionally, there are no statute-of-limitations issues that justify a stay—Braden timely filed its claims within the limitations window for a copyright claim. EnergyLink's attempt to manufacture a limitations issue where none exists is nothing more than a distraction from EnergyLink's unlawful conduct in this case. A stay is not appropriate here.

## II. NATURE AND STAGE OF THE PROCEEDINGS

This case arises out of EnergyLink's unlawful and unauthorized use of Braden-owned engineering drawings (and/or derivatives or reproductions of those drawings) in violation of Braden's copyrights. Both Braden and EnergyLink are in the business of developing, manufacturing, and supplying Selective Catalytic Reduction ("SCR") systems used in gas-turbine

---

[2] EnergyLink's request for a stay is also moot in view of Braden's First Amended Complaint, which sets forth additional facts regarding Braden's ownership of the copyrighted works at issue.

systems.[3]  In or around 2018, Innova Global, Ltd., a Canadian holding company in the SCR business, and its operating subsidiaries and affiliates (together, "Innova"), encountered financial difficulties resulting from the global downturn in the energy market, which ultimately led to Innova entering into receivership, and its employees being laid off.  Several former Innova employees formed EnergyLink in 2019.

Soon after Innova's receivership, Braden entered into a series of agreements with PricewaterhouseCoopers Inc. ("PwC"), the appointed corporate receiver and manager of Innova's assets, whereby Braden purchased certain Innova assets from PwC via an August 22, 2019 Purchase and Sale Agreement including all of Innova's drawings and the intellectual property rights therein.  Therefore, by way of the August 22, 2019 Purchase and Sale Agreement, Braden owns all right, title and interest, including copyrights, in Innova's engineering drawings, including those pertaining to the SCR systems formerly developed by Innova.

As explained in its Original Complaint (Dkt. 1), Braden has reason to believe that certain EnergyLink employees who were formerly employed by Innova unlawfully took Innova's (now Braden's) SCR system drawings, and subsequently used those engineering drawings to develop EnergyLink's own SCR systems. (Dkt. 1 at ¶¶ 27–28.)  In particular, on February 18, 2020, Braden learned that EnergyLink had distributed a former-Innova engineering drawing pertaining to an ammonia injection grid ("AIG") orifice pipe spool assembly to a manufacturing vendor, AUS Manufacturing Company.  (*Id*. at ¶ 29, Exs. B–C.)

---

[3] SCR systems are emission-reduction systems that reduce or remove the level of harmful nitrogen oxide ($NO_X$) normally emitted in gas-turbine systems.  To do so, SCR systems inject ammonia into the "flue gas"—or the exhaust gas exiting the system into the atmosphere.  The injection of ammonia into the exhaust gas causes a chemical reaction that breaks down the harmful nitrogen oxide into harmless vapors.

On December 27, 2022, Braden wrote to EnergyLink. In a letter to EnergyLink's CEO (and former Innova employee) Harold Wong, Braden explained that it owns certain assets, including intellectual property in the former-Innova's engineering drawings, and that Braden was aware that those drawings were unlawfully in the possession of EnergyLink, and were being used and distributed in violation of Braden's intellectual property rights. (*Id.* at ¶ 30, Ex. D.)

EnergyLink responded on January 12, 2023. EnergyLink's response alleged that Braden does not own the "title to any intellectual property assets or rights" in the Engineering Drawings. (*Id.* at ¶ 31, Ex. E.) In particular, EnergyLink directly contested Braden's claim of ownership in the former Innova engineering drawings:

> [B]ased upon discussion with informed sources involved with the bankruptcy process for Innova, [EnergyLink] understands that ownership of various IP alleged to be owned by Innova had been contested….[EnergyLink] understands that only copies of files were sold by Innova to Braden, not title to any intellectual property assets or rights.

(*Id.* at Ex. E.) EnergyLink also threatened to "initiate action" against Braden as well as "advise the industry" of Braden's alleged misconduct based on those statements unless Braden complied with certain demands for information and undertakings by January 19, 2023. (*Id.* at ¶ 31, Ex. E) After a series of further communications, both Braden and EnergyLink filed complaints in this District against one another on the same day on February 17, 2023. Braden's complaint includes claims for copyright infringement based upon EnergyLink's unauthorized use and distribution of the former-Innova engineering drawings and declaratory judgment of copyright ownership, no tortious interference with prospective business relations, and no business disparagement arising from EnergyLink's statements in its January 12, 2023 letter contesting Braden's alleged ownership in the former-Innova engineering drawings and threatening suit against Braden. (*Id.* at ¶¶ 37–60.)

4

**III. STATEMENT OF ISSUES TO BE RULED ON**

1. Whether the Court should deny EnergyLink's Motion in its entirety because it is rendered moot by Braden's First Amended Complaint (Dkt. 33), as required by controlling authority.

2. Whether the Court should deny EnergyLink's Motion to Stay because it has failed to show that good cause exists to justify a stay.

**IV. ARGUMENT**

**A. EnergyLink's Motion to Dismiss Must Be Denied Because It Is Moot**

The filing of an amended complaint renders a pending motion to dismiss moot as a matter of law. *See New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). The First Amended Complaint does not refer, adopt, or incorporate by reference its Original Complaint. Instead, the First Amended Complaint (Dkt. 33), filed as of right under Fed. R. Civ. P. 15(a)(1)(B), provides additional factual allegations regarding Braden's ownership of copyrights in the SCR engineering drawings acquired from Innova, as well as a detailed list of the fifteen copyrighted works at issue in this case.[4] As shown below, these additional factual allegations directly address and moot the alleged deficiencies raised by EnergyLink in its Motion:

| Alleged Pleading Deficiency Raised by EnergyLink's Motion | Portions of First Amended Complaint Containing Relevant Factual Allegations |
|---|---|
| Alleged failure to plead ownership of copyrights at issue, including facts indicating that Braden is Innova Global | (Dkt. 33 at ¶¶ 24–29, 46, Exs. A-1–A-15, K.) |

---

[4] Although the First Amended Complaint lists fifteen specific engineering drawings, Braden believes that discovery will uncover additional works that EnergyLink reproduced, distributed, and/or prepared derivative works based on Braden's engineering drawings without authorization.

5

| **Alleged Pleading Deficiency Raised by EnergyLink's Motion** | **Portions of First Amended Complaint Containing Relevant Factual Allegations** |
|---|---|
| Ltd.'s successor in interest, facts of any transfer of rights from Innova Global Ltd. to Braden, and facts about any writing that would evidence such a transfer (Mot. at 5–7.) | |
| Alleged failure to identify the copyrights at issue and whether they are registered or exempt from registration (Mot. at 7–9.) | (Dkt. 33 at ¶ 30–34, 47–49, 57, Exs. A-1–A-15.) |

Accordingly, the Court should deny EnergyLink's Motion. *See Ragar Transportation Ltd. v. Lear Corp.*, No. 5:17-CV-52, 2017 WL 11684679, at *3 (S.D. Tex. Aug. 4, 2017) (denying as moot defendant's motion to dismiss an inoperative complaint); *see also Maxim Integrated Prod., Inc. v. State Farm Mut. Auto. Ins. Co.*, No. SA-14-CV-1030-XR, 2015 WL 10990119, at *1 (W.D. Tex. Feb. 12, 2015) (collecting cases).

### B. A Stay of Discovery (or a One-Sided Stay) Is Unwarranted

Seeking to escape discovery into EnergyLink's unlawful use of Braden's copyrighted works, EnergyLink requests that the Court stay this entire case during the pendency of its now-moot Motion, or in the alternative, a one-sided stay favoring EnergyLink's request for "threshold" discovery on standing and statute-of-limitations issues. (Mot. at 11–13.) Neither is appropriate.

As an initial matter, EnergyLink's motion to stay discovery is rendered moot by the First Amended Complaint. *Garza v. Universal Healthcare Services, Inc.*, No. 2:16-CV-364, 2017 WL 11646816, at *2 (S.D. Tex. Aug. 18, 2017) (striking defendant's motion to stay discovery as moot after plaintiff filed an amended complaint). EnergyLink's request for a stay is predicated on the factual allegations set forth in Braden's Original Complaint, which has been fully superseded by the First Amended Complaint and is no longer the operative pleading. *New Orleans Ass'n of Cemetery Tour Guides*, 56 F.4th at 1033.

EnergyLink has not even attempted to show that good cause exists to justify a stay of all discovery (or a one-sided stay of Braden's expected discovery). "While in some circumstances a motion to stay discovery pending the outcome of a motion to dismiss is appropriate, a stay is certainly not the general rule." *Edge196 LLC v. Jointer, Inc.*, No. H-20-3417, 2021 WL 4027696, at *1 (S.D. Tex. Jan. 22, 2021). Such stays, however, "are very rare, and almost never wise." *360 Mortgage Grp., LLC v. LoanCare LLC*, No. 1:18-cv-332 RP, 2018 WL 6272034, at *2 (W.D. Tex. Nov. 30, 2018). Courts determine whether to grant a motion to stay pending the resolution of a motion to dismiss based upon (1) the breadth of the discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay. *Rickey v. GVD Hyde Park, LLC*, No. 4:20-cv-881, 2021 WL 1025760, at *1 (E.D. Tex. Mar. 17, 2021) (citations omitted). With respect to the first two factors, discovery has not started yet. While Braden intends to seek discovery into the extent of EnergyLink's infringement at the appropriate time, EnergyLink has failed to articulate any undue burden in fulfilling its expected discovery obligations. Regarding the third factor, EnergyLink's Motion is rendered moot as a matter of law by Braden's filing of the First Amended Complaint. *New Orleans Ass'n of Cemetery Tour Guides*, 56 F.4th at 1033.

In addition, "[t]o determine whether a stay is appropriate a district court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely." *Laufer v. Patel*, No. 1:20-cv-631-RP, 2021 WL 327704, at *1 (W.D. Tex. Feb. 1, 2021). Here, a stay is inappropriate because the potential harm to Braden from staying the case (or delaying open discovery) far outweighs the possibility that EnergyLink's Motion will be granted. As explained above, EnergyLink's Motion should be denied because it is moot in light of Braden's First Amended Complaint. *Ragar*, 2017 WL 11684679 at

*3; *Maxim*, 2015 WL 10990119 at *1. In addition, granting a stay and delaying discovery would harm Braden by unnecessarily postponing the resolution of this case and the relief to which Braden is entitled. Braden continues to suffer harm from EnergyLink's unauthorized copying and use of Braden's Engineering Drawings, the cloud EnergyLink has cast over Braden's ownership of the copyrights in those drawings, and EnergyLink's unsubstantiated claims that Braden has disparaged or tortiously interfered with a prospective business relationship of EnergyLink.

In addition, there is no reason for a one-sided stay, limiting discovery to EnergyLink's standing and statute-of-limitations defenses. Both defenses lack merit. Neither warrants the extraordinary treatment of putting all other issues in the case on hold.

***Standing.*** The First Amended Complaint addresses the alleged deficiencies regarding ownership of the right to enforce the asserted copyrights that were raised by EnergyLink, including by attaching the transactional documents that support Braden's claim. (Dkt. 33 at Ex. K.) Simply put, the First Amended Complaint goes well beyond the pleading standard requirements for a copyright claim. Any additional questions EnergyLink may have can be answered in the normal course of open discovery. As part of Braden's Counts I and II, Braden will prove its ownership, just as in any other intellectual property dispute. EnergyLink offers no reason to limit discovery to cherry-picked issues that EnergyLink prefers instead of allowing all discovery between the parties to proceed at the same time.

In support of its request for a stay and discovery on standing, EnergyLink cites two cases: *Laufer* and *Alex A. ex rel. Smith v. Edwards*, No. 22-573, 2023 WL 100146 (M.D. La. Jan. 4, 2023). Each is inapposite. *Laufer* involved a serial litigant who had filed hundreds of "tester" lawsuits throughout the country alleging violations of the Americans with Disabilities Act (ADA) against website owners, including "more than two dozen lawsuits in the Western District of

Texas." 2021 WL 327704 at *1. The court granted a stay, noting that on multiple occasions prior, the plaintiff's complaints had been dismissed for lack of standing. *Id.* n.1. And in *Alex A.*, the defendants moved to dismiss the complaint for lack of standing because the class action plaintiffs allegedly had not been harmed by the conditions of a juvenile detention facility. 2023 WL 100146, at *1. And although the *Alex A.* court did grant a stay, it was only ***after*** the plaintiffs had been permitted to take "preliminary discovery, including limited depositions, written discovery, expert discovery, and a site inspection." *Id.* at *2. Neither the facts nor the procedural posture here are remotely like either case.

The instant case involves a challenge to standing based on an alleged lack of ownership of intellectual property rights, not prior serial dismissals where prior alleged violations were dismissed for lack of standing on similar grounds (as in *Laufer*) or allegedly harmful conditions at a detention facility that were never felt by the plaintiffs (as in *Alex A.*). EnergyLink's challenge to Braden's ownership of the asserted copyrights should be resolved in the ordinary course of discovery, along with all of the other issues in the case, not in this premature stage.

***Statute of Limitations***. Similarly, EnergyLink has attempted to manufacture a statute-of-limitations defense where one does not exist. EnergyLink overlooks the fact that each act of copyright infringement gives rise to a new cause of action that accrues at the time the misconduct occurs. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014) ("Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete 'claim' that 'accrue[s] at the time the wrong occurs. . . . [A]n infringement is actionable within three years . . . of its occurrence"). To date, Braden has been unable to uncover the extent of EnergyLink's previous or continued misuse of the engineering drawings at issue because EnergyLink has possession, custody, and control of this information. Braden expects that

9

discovery in this case will uncover additional instances of copyright infringement continued to occur after February 18, 2020.

In short, there is thus no reason to stay general discovery in favor of EnergyLink's one-sided requests. To the extent the Court finds that EnergyLink is entitled to discovery into Braden's alleged knowledge of each instance of EnergyLink's infringement prior to February 18, 2020 (which, as explained above, is irrelevant to this claim and to EnergyLink's continued infringement), Braden is likewise entitled to discovery into EnergyLink's infringement.

## V. CONCLUSION

For the foregoing reasons, Braden requests that the Court deny EnergyLink's Motion to Dismiss and to Stay.

Dated: April 5, 2023  FISH & RICHARDSON P.C.

By: */s/ Kevin Su*
Kevin Su, Attorney-in-Charge (*Pro Hac Vice*
Massachusetts Bar No. 663726
Adam J. Kessel (*Pro Hac Vice*)
Massachusetts Bar No. 661211
Philip K. Chen (*Pro Hac Vice*)
Massachusetts Bar No. 703289
One Marina Park Drive
Boston, MA 02210
Tel. (617) 521-7042
Fax. (617) 542-8906
Email: su@fr.com; kessel@fr.com; pchen@fr.com

Bailey K. Benedict
Texas Bar No. 24083139
S.D. TX Federal ID No. 1725405
Joshua H. Park
Texas Bar No. 24121766
S.D. TX Federal ID No. 3653542
909 Fannin St., 21st Floor
Houston, TX 77010
Tel. (713) 654-5399
Fax. (713) 652-0109
Email: benedict@fr.com; jpark@fr.com

Kristen McCallion (*Pro Hac Vice*)
New York Bar No. 4428470
7 Times Square
20th Floor
New York, NY 10036
Tel. (212) 765-5070  Fax. (212) 258-2291
Email: mccallion@fr.com

*Attorneys for Plaintiffs*
*Braden Europe B.V. and Braden Americas, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 5, 2023 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5.1.

                                                 */s/ Kevin Su*
                                                 *Kevin Su*