# EXHIBIT A

|  |  |
|---|---|
| BRADEN GROUP B.V. and BRADEN AMERICAS, INC.<br><br>Plaintiff,<br><br>v.<br><br>ENERGYLINK INTERNATIONAL INC. and ENERGYLINK CORPORATION<br>Defendant. | C.A. No. 4:23-cv-00630<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiffs Braden Group B.V. and Braden Americas, Inc. (collectively, "Plaintiffs" or

"Braden"), by and through their attorneys, file this First Amended Complaint against Defendants

EnergyLink International Inc. and EnergyLink Corporation ("Defendants" or "EnergyLink") and

allege as follows:

## NATURE OF THE ACTION

1.      This is a case of copyright infringement arising from EnergyLink's reproduction,

distribution, and preparation of derivative works based on Braden's proprietary engineering

drawings (the "Engineering Drawings") concerning innovative selective catalytic reduction

(SCR) systems and related solutions that help gas turbine systems generate clean power and

reduce harmful emissions.  The Engineering Drawings include, for example, an engineering

drawingdrawings depicting aspects of an ammonia injection grid (AIG) orifice pipe spool

assembly (the "AIG Assembly Drawing").  A.  True and correct copycopies of the AIG

Assembly Drawing isEngineering Drawings are attached hereto as Exhibit Exhibits A-1–A-15.

This is also a case for declaratory judgments arising from EnergyLink and Braden's dispute

concerning the legality and truth of Braden's statements regarding its ownership of the copyrights in the Engineering Drawings, and EnergyLink's misuse of the same.

## THE PARTIES

2.      Plaintiff Braden Group B.V. is a company organized and existing under the laws of the Netherlands, having its principal place of business at Nieuw Eyckholt 290H, 6419 DJ Heerlen, The Netherlands.

3.      Plaintiff Braden Americas, Inc. is a corporation organized and existing under the laws of Florida, having its principal place of business at 801 International Parkway, Suite 5076, Lake Mary, Florida 32746.

4.      Braden is in the business of developing, manufacturing, and supplying, in the United States and worldwide, innovative SCR systems and related solutions that help gas turbine systems generate clean power and reduce emissions of harmful air pollutants, including nitrogen oxide, carbon monoxide, and volatile organic compounds. *See* https://braden.com/about-us/.

5.      On information and belief, Defendant EnergyLink International Inc. is a corporation organized and existing under the laws of Canada, having its principal place of business at 555 4th Avenue SW, Suite 700, Calgary, Alberta, Canada T2P 3E7.

6.      On information and belief, Defendant EnergyLink Corporation is a corporation organized and existing under the laws of Canada, having its principal place of business at 555 4th Avenue SW, Suite 700, Calgary, Alberta, Canada T2P 3E7.

7.      On information and belief, EnergyLink is also in the business of supplying SCR systems and related solutions in at least the United States. *See* https://energylinkinternational.com/areas-of-focus/catalyst-systems/scr-and-co-catalyst-systems/.

## JURISDICTION AND VENUE

8.      This is an action for copyright infringement arising under the United States

Copyright Act, 17 U.S.C. § 101 *et seq.* and for declaratory judgment under 28 U.S.C. §§ 2201

and 2202.  This Court has original jurisdiction to adjudicate Braden's Copyright Act claims

pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over the

other claims asserted herein pursuant to 28 U.S.C. § 1367 because they are so related to the

claims in this action for which the Court has original jurisdiction that they form part of the same

case or controversy under Article III of the United States Constitution.

9.      Venue lies in this District pursuant to 28 U.S.C. § 1391(c)(3).  As set forth above,

upon information and belief, neither EnergyLink International Inc. nor EnergyLink Corporation

is a resident in the United States.  EnergyLink International Inc. and EnergyLink Corporation are

therefore subject to suit in any judicial district, including in this District.

10.      This Court has personal jurisdiction over EnergyLink International Inc. because,

on information and belief, it regularly conducts business in this District and therefore has

continuous and systematic contacts within this District.

11.      For example, the EnergyLink website states: "As a partner of choice for one of

the leading power plant suppliers in the US, EnergyLink has been selected to provide Simple

Cycle Catalyst Systems for 8 GE LM 6000 Gas Turbines to support the provision of electricity to

the Texas grid during critical peak periods.  The project is due for completion in early 2022."

https://energylinkinternational.com/2022/01/16/another-8-scr-systems-underway/.

12.      In addition, on information and belief, EnergyLink makes and supplies SCR

systems to its customer PROENERGY, which uses those SCR systems in power plants in this

District operated by its subsidiary, WattBridge Energy, LLC.  *See*

https://www.wattbridge.info/portfolio/;

https://www.proenergyservices.com/News/PROENERGY-AWARDED-288-MW-MARK-ONE-PROJECT-PROJECT/.

13.     Alternatively, to the extent that Texas or any other state does not have general jurisdiction over EnergyLink International Inc., and because Braden's claim arises out of federal law, this Court has personal jurisdiction over EnergyLink International Inc. pursuant to Fed. R. Civ. P. 4(k)(2) because it has purposefully availed itself of the privilege of conducting activities in the United States as a whole and/or because it has purposefully directed its activities toward the United States.

14.     On information and belief, EnergyLink International Inc. has transacted business with vendors, customers, and/or potential customers throughout the United States, including in this District.

15.     For example, the EnergyLink website states that EnergyLink has "delivered more than 30 SCR systems throughout North America in 2020 and 2021." https://energylinkinternational.com/2021/12/01/scrs-there-are-those-who-say-it-can-be-done-and-those-who-actually-do-it/.

16.     The exercise of personal jurisdiction by this Court over EnergyLink International Inc. is both reasonable and fair, and comports with due process.

17.     This Court has personal jurisdiction over EnergyLink Corporation because, on information and belief, it regularly conducts business in this District and therefore has continuous and systematic contacts within this District.

18.     For example, the EnergyLink website states: "As a partner of choice for one of the leading power plant suppliers in the US, EnergyLink has been selected to provide Simple Cycle Catalyst Systems for 8 GE LM 6000 Gas Turbines to support the provision of electricity to

the Texas grid during critical peak periods.  The project is due for completion in early 2022."

https://energylinkinternational.com/2022/01/16/another-8-scr-systems-underway/.

19.     In addition, on information and belief, EnergyLink makes and supplies SCR

systems to its customer PROENERGY, which uses those SCR systems in power plants in this

District operated by its subsidiary, WattBridge Energy, LLC.  *See*

https://www.wattbridge.info/portfolio/;

https://www.proenergyservices.com/News/PROENERGY-AWARDED-288-MW-MARK-ONE-

PROJECT-PROJECT/.

20.     Alternatively, to the extent that Texas or any other state does not have general

jurisdiction over EnergyLink Corporation, and because Braden's claim arises out of federal law,

this Court has personal jurisdiction over EnergyLink Corporation pursuant to Fed. R. Civ. P.

4(k)(2) because it has purposefully availed itself of the privilege of conducting activities in the

United States as a whole and/or because it has purposefully directed its activities toward the

United States.

21.     On information and belief, EnergyLink Corporation has transacted business with

vendors, customers, and/or potential customers throughout the United States, including in this

District.

22.     For example, the EnergyLink website states that EnergyLink has "delivered more

than 30 SCR systems throughout North America in 2020 and 2021."

https://energylinkinternational.com/2021/12/01/scrs-there-are-those-who-say-it-can-be-done-

and-those-who-actually-do-it/.

23.     The exercise of personal jurisdiction by this Court over EnergyLink Corporation

is both reasonable and fair, and comports with due process.

## FACTS

24.      Braden and its predecessor-in-interest, formerly known as Innova Global Ltd. ("Innova"), is in the business of developing, manufacturing, and supplying SCR systems and related solutions that help gas turbine systems in the United States generate clean power and reduce emissions of harmful air pollutants, including nitrogen oxide, carbon monoxide, and volatile organic compounds.

25.      Innova Global Ltd. was a Canadian holding company that owned and controlled its Canadian operating subsidiary, Innova Global Operating Ltd.

26.      Innova Global Operating Ltd. held tangible assets, including among other things, documents and engineering drawings related to SCR systems, as well as intellectual property, including copyrights, embodied therein, that Innova Global Operating Ltd. used in its ordinary business operations.

27.      On or about April 1, 2019, PricewaterhouseCoopers Inc. LIT. ("PwC") was appointed receiver and manager of all of Innova Global Operating Ltd.'s assets.  On August 22, 2019, Innova Global Europe B.V. (now Plaintiff Braden Group B.V.) and PwC, in its capacity as receiver and manager of Innova Global Operating Ltd., entered into a Purchase and Sale Agreement, whereby Innova Global Europe B.V. agreed to purchase certain of Innova Global Operating Ltd.'s assets from PwC.

28.      By way of the August 22, 2019 Purchase and Sale Agreement, PwC, as receiver and manager of Innova Global Operating Ltd.'s assets, transferred to Innova Global Europe B.V. (now Plaintiff Braden Group B.V.) drawings (including the "Engineering Drawings" referenced in this Complaint) and the intellectual property rights therein.  A copy of the August 22, 2019 Purchase and Sale Agreement is attached hereto as Exhibit K.

29.     As a result of the August 22, 2019 Purchase and Sale Agreement, Braden owns all right, title and interest, including copyright, in the Engineering Drawings, including but not limited to the AIG Assembly .

30.     Each of the Engineering Drawings is listed below:

a)  Drawing  No. 10699-CS3413 titled "AIG ORIFICE PIPE SPOOL ASSEMBLY."  Ex. A-1.

b)  Drawing No. 10699-CS3400 titled "AIG PIPING ARRANGEMENT." Ex. A-2.

c)  Drawing No. 10699-CS3401 titled "AIG VERTICAL HEADER WELDMENT."  Ex. A-3.

d)  Drawing No. 10699-CS3402 titled "SPARGER PIPE WELDMENT."  Ex. A-4.

e)  Drawing No. 10699-CS3403L titled "LOWER BLENDER PLATES ASSEMBLY WELDMENT."  Ex. A-5.

f)  Drawing No. 10699-CS3403R titled "UPPER BLENDER PLATES ASSEMBLY WELDMENT."  Ex. A-6.

g)  Drawing No. 10699-CS3404 titled "BLENDER PLATES ASSEMBLY WELDMENT."  Ex. A-7.

h)  Drawing No. 10699-CS3411 titled "AIG PIPING WELDMENT."  Ex. A-8.

i)  Drawing No. 10699-CS3412 titled "AIG PIPING WELDMENT."  Ex. A-9.

j)  Drawing No. 10699-CS3421 titled "AIG SPOOL PIPING WELDMENT." Ex. A-10.

k)  Drawing No. 10699-CS3422 titled "AIG SPOOL PIPING WELDMENT." Ex. A-11.

l)  Drawing No. 10699-CS3441 titled "AIG PIPE SLIDING SUPPORT WELDMENT."  Ex. A-12.

m) Drawing No. 10699-CS3442 titled "AIG PIPE FIXED SUPPORT WELDMENT."  Ex. A-13.

n)  Drawing No. 10699-CS3443 titled "AIG PIPE MAIN FEED SLIDING SUPPORT WELDMENT." Ex. A-14

o)  Drawing No. 10699-CS3444 titled "AIG SPOOL PIPE SUPPORT WELDMENT."  Ex. A-15.

25.31.  An excerpt of the AIG Assembly Drawing one of the Engineering Drawings, which depicts the AIG orifice pipe spool assembly is shown below:



32.     ~~The AIG~~The Engineering Drawings were created skillfully in Canada, a signatory to the Berne Convention, by a resident and citizen of Canada, on behalf of Innova.  The Engineering Drawings were, at the time of receivership, kept by Innova in Canada.

33.     Because the Engineering Drawings are not United States works, they are exempt from the requirement under 17 U.S.C. § 411(a) that a copyright in a United States work must be registered or preregistered before a civil action for infringement can be instituted.

~~26.~~34.  Although exempt from the registration requirement, the AIG orifice pipe spool assembly drawing is registered with the U.S. Copyright Office as a work titled "AIG ORIFICE PIPE SPOOL ASSEMBLY."

~~27.~~35.  In or around 2018, former employees of Innova departed Innova and formed EnergyLink, a company that, like Braden, supplies SCR systems to gas turbine operators in the United States.

~~28.~~36.  On information and belief, EnergyLink's employees intentionally and unlawfully took from Innova copies of the Engineering Drawings, ~~including but not limited to the AIG Assembly Drawing,~~ and EnergyLink has improperly reproduced, distributed, and prepared derivative works based upon the Engineering Drawings.  On information and belief,

8

EnergyLink's employees intentionally and unlawfully took from Innova some or all of the Engineering Drawings, which make up the components of a larger SCR system.

29.37. For example, EnergyLink distributed, without authorization, a copy of the AIG Assembly Drawing to a manufacturing vendor in the United States, AUS Manufacturing Company, in or around February 2020, in connection with EnergyLink's request for a quote related to the manufacturing of SCR system components. *See* Exhibits B–C. Braden learned that EnergyLink possessed and distributed, without authorization, the copy of the AIG Assembly Drawing no earlier than February 18, 2020. *See* Exhibits B–C.

30.38. On December 27, 2022, Braden notified EnergyLink that Braden owns certain intellectual property assets, including the Engineering Drawings and intellectual property concerning the Engineering Drawings; that Braden is aware that EnergyLink has in its possession the Engineering Drawings; and that employees of EnergyLink have used and/or disclosed the Engineering Drawings without authorization. *See* Exhibit D. Braden also demanded that EnergyLink cease and desist from using or disclosing the Engineering Drawings. *See id.*

31.39. On January 12, 2023, EnergyLink sent a letter to Braden in response to Braden's letter of December 27, 2022. *See* Exhibit E. In its letter, EnergyLink alleged that Braden has made statements that are "unsubstantiated, false and misleading and are clearly designed to unlawfully discredit EnergyLink and/or its goods and services," that such statements "are causing irreparable damage to EnergyLink," that "at least one customer has already advised that as a result of the statements made by Braden, it cannot continue to do business with EnergyLink until the matter is resolved and has removed EnergyLink from an ongoing bidding process wherein EnergyLink was the frontrunner." *Id.* EnergyLink further claimed that Braden does not

own the "title to any intellectual property assets or rights" in the Engineering Drawings. *Id.*

EnergyLink also threatened to "initiate action" against Braden as well as "advise the industry" of

Braden's alleged misconduct based on those statements unless Braden complied with certain

demands for information and undertakings by January 19, 2023. *Id.*

32.40.  On January 18, 2023, Braden responded to EnergyLink via email, confirming

receipt of EnergyLink's January 12, 2023 letter. *See* Exhibit F.  Braden stated that it was

considering the statements and demands contained in EnergyLink's January 12, 2023 letter and

explained that "EnergyLink's unilateral deadline of one week (to January 19, 2023) for Braden

to respond . . . along with EnergyLink's threats of immediate legal action . . . are unreasonable

and not conducive to resolving the dispute between the parties, given the substantial rights at

issue." *Id.*

33.41.  Later that same day, EnergyLink responded to Braden via email, again alleging

that Braden's "false and misleading statements are causing immediate and irreparable damage"

to EnergyLink and its business, for which Braden "will be held accountable." *See* Exhibit G.

EnergyLink also threatened to "initiat[e] legal proceedings when it deems appropriate." *Id.*

34.42.  On January 23, 2023, EnergyLink emailed Braden regarding its January 12, 2023

letter and January 18, 2023 email. *See* Exhibit H.  In its email, EnergyLink again alleged that

Braden's "unsubstantiated, false and misleading statements are causing irreparable damage" to

EnergyLink and that it "cannot allow this irreparable harm to continue."  EnergyLink further

threatened that unless Braden "provides the information and undertakings requested" in

EnergyLink's January 12, 2023 letter by no later than end of the day January 26, 2023,

EnergyLink "will be taking steps in an effort to mitigate the irreparable damage that [Braden's

alleged] misstatements are causing in the marketplace," including by sending a letter to

customers who EnergyLink believes have received the alleged statements from Braden stating, among other things, that Braden's statements about EnergyLink's use of Braden's intellectual property assets are "unsubstantiated," and that EnergyLink's SCR systems and its drawings therefore have been created and developed internally at EnergyLink without any use of any engineer drawings and/or other 'intellectual property assets' of Braden. *See id.*

~~35.~~43.   On January 26, 2023, Braden emailed EnergyLink in response to its January 12, 2023 letter and January 18 and 23, 2023 emails. *See* Exhibit I.  Braden noted that "EnergyLink has now demanded three times over the course of less than two weeks for an essentially immediate response under the threat of imminent legal action" and that EnergyLink's "approach is unreasonable and counterproductive to an amicable resolution to the dispute at hand." *Id.* Braden further explained that nowhere in its correspondence to date "does EnergyLink specifically deny it has taken and used, without authorization, material from Braden and/or Innova, including the engineering drawings at issue," and that "Braden believes that EnergyLink is improperly in possession of and/or misusing drawings that depict aspects of Braden and/or Innova's AIG design." *Id.*

~~36.~~44.  Despite further exchange of correspondence, Braden and EnergyLink did not resolve their disputes.  *See* Exhibit J.

**COUNT I**
**Copyright Infringement, 17 U.S.C. § 501 *et seq.***

~~37.~~45.  Braden re-alleges each of the foregoing paragraphs as if fully set forth herein.

46.      Braden is the sole and exclusive copyright owner of the Engineering Drawings~~,~~ ~~including but not limited to the AIG Assembly Drawing, which~~.  Exs. A1–A15, K.

47.      Each of the Engineering Drawings is a foreign work originating from Canada. Because the Engineering Drawings are not United States works, they are exempt from the

requirement under 17 U.S.C. § 411(a) that a copyright in a United States work must be registered or preregistered before a civil action for infringement can be instituted.

48. Aside from Drawing No. 10699-CS3413, the remaining Engineering Drawings, were not published and are attached hereto and filed as confidential exhibits to this First Amended Complaint. *See* Ex. A-2–A-15.

38.49. Despite being a foreign work, Drawing No. 10699-CS3413 is registered with the U.S. Copyright Office.

39.50. EnergyLink has directly infringed Braden's copyrights in the Engineering Drawings at least by reproducing and distributing copies of, and/or preparing derivative works based on, the Engineering Drawings, including but not limited to, the AIG Assembly Drawing.

40.51. For example, EnergyLink reproduced and distributed a copy of the AIG Assembly Drawing No. 10699-CS3413 (Ex. A1) to a manufacturing vendor, AUS Manufacturing Company, in the United States in or around February 2020, in connection with EnergyLink's request for a quote related to the manufacturing of SCR system components. On information and belief, EnergyLink has reproduced and distributed copies of the other Engineering Drawings to manufacturing vendors, including but not limited to AUS Manufacturing Company, in the United States.

41.52. EnergyLink's infringement was and continues to be willful and intentional.

42.53. EnergyLink will continue to infringe Braden's copyrights in the Engineering Drawings, including but not limited to the AIG Assembly Drawing, causing irreparable harm to Braden for which there is no adequate remedy at law, unless enjoined by this Court. EnergyLink's infringement has caused and continues to cause irreparable harm to Braden in the form of loss of business opportunities, lost sales, loss of market share, loss of goodwill, and the

loss of Braden's exclusive rights to reproduce its copyrighted works, distribute copies of its copyrighted works, and prepare derivative works based on its copyrighted works. Braden is entitled to injunctive relief as well as the recovery of damages from EnergyLink in an amount to be determined at trial.

43.54. EnergyLink has realized unjust profits, gains, and advantages from its infringement and Braden is entitled to recover from such gains, profits, and advantages in an amount to be determined at trial.

## COUNT II
### Declaratory Judgment of Copyright Ownership

44.55. Braden re-alleges each of the foregoing paragraphs as if fully set forth herein.

45.56. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

46.57. By way of the August 22, 2019 Purchase and Sale Agreement, Braden has acquired copyrights in the Engineering Drawings, including but not limited to the AIG Assembly Drawing, and is the sole and exclusive copyright owner in the Engineering Drawings, including but not limited to the AIG Assembly Drawing. Exs. A-1—A-15, K.

47.58. Braden has not transferred or assigned its copyrights in the Engineering Drawings, including but not limited to the AIG Assembly Drawing.

48.59. EnergyLink has claimed, at least in its January 12, 2023 letter to Braden, that Braden does not own the "title to any intellectual property assets or rights" in the Engineering Drawings, including but not limited to the AIG Assembly Drawing.. *See* Exhibit E.

49.60. As a result of EnergyLink's allegations against Braden, there is an actual case or controversy between EnergyLink and Braden such that the Court may entertain Braden's request

for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

50.61.  A judicial declaration that Braden is the owner of the copyright in the Engineering Drawings, including but not limited to the AIG Assembly Drawing, is necessary to resolve the real, immediate, and justiciable controversy concerning these issues and to determine the respective rights of the parties.

## COUNT III
### Declaratory Judgment of No Tortious Interference with Prospective Business Relations

51.62.  Braden re-alleges each of the foregoing paragraphs as if fully set forth herein.

52.63.  These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

53.64.  In correspondence to Braden in January 2023, EnergyLink threatened to "initiate action" against Braden based on certain statements allegedly made by Braden, including alleged statements that (i) Braden owns intellectual property transferred from Innova, such as the Engineering Drawings, and (ii) EnergyLink has misused Braden's confidential information and/or intellectual property assets.  *See* Exhibits E, G.  Braden's statements allegedly resulted in damage to EnergyLink, including allegedly causing a customer to advise EnergyLink that it cannot continue to do business with EnergyLink as a result of Braden's statements.  *See* Exhibits E, G.

54.65.  As a result of EnergyLink's allegations against Braden, there is an actual case or controversy between EnergyLink and Braden such that the Court may entertain Braden's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

55.66.  Braden is entitled to a judicial declaration that any statements that Braden owns all rights in and to the Engineering Drawings and that EnergyLink has misused Braden's Engineering Drawings do not constitute tortious interference with EnergyLink's prospective business relations.

**COUNT IV**
**Declaratory Judgment of No Business Disparagement**

56.67.  Braden re-alleges each of the foregoing paragraphs as if fully set forth herein.

57.68.  These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

58.69.  In correspondence to Braden in January 2023, EnergyLink threatened to "initiate action" against Braden based on certain statements allegedly made by Braden, including alleged statements that (i) Braden owns intellectual property transferred from Innova, such as the Engineering Drawings, and (ii) EnergyLink has misused Braden's confidential information and/or intellectual property assets.  *See* Exhibits E, G.  Braden's statements allegedly resulted in damage to EnergyLink, including allegedly by causing a customer to advise EnergyLink that it cannot continue to do business with EnergyLink as a result of Braden's statements.  *See* Exhibits E, G.

59.70.  As a result of EnergyLink's allegations against Braden, there is an actual case or controversy between EnergyLink and Braden such that the Court may entertain Braden's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

60.71.  Braden is entitled to a judicial declaration that it did not disparage EnergyLink's business by making statements to customers and/or potential customers that Braden owns all

15

rights in and to the Engineering Drawings and that EnergyLink has misused Braden's

Engineering Drawings.

## PRAYER FOR RELIEF

WHEREFORE, Braden respectfully requests that the following relief:

(a)     judgment in Braden's favor and against EnergyLink on all causes of action

alleged herein;

(b)     judgment declaring that Braden owns all copyrights, in and to the Engineering

Drawings, including but not limited to the AIG Assembly Drawing;

(c)     judgment declaring that EnergyLink has infringed Braden's copyrightcopyrights

in and to the Engineering Drawings, including but not limited to the AIG Assembly Drawing;

(d)     an order permanently enjoining EnergyLink, including its partners, officers,

agents, servants, employees, attorneys, and all those persons and entities in active concert or

participation with them, from further infringement of the copyrights in and to the Engineering

Drawings, pursuant to 17 U.S.C. § 502;

(e)     an order to recall, impound and destroy all infringing copies made, used or

distributed by EnergyLink in violation of Braden's exclusive rights in and to the Engineering

Drawings (and, in the case of electronic copies, order that all such copies be deleted from the

computers or other storage means on which they reside), pursuant to 17 U.S.C. § 503;

(f)     judgment declaring that Braden has not engaged in tortious interference with

EnergyLink's prospective business relations;

(g)     judgment declaring that Braden has not engaged in business disparagement of

EnergyLink;

(h)     an accounting of all of EnergyLink's profits derived from its infringing activity;

16

(i)     actual damages and any additional profits attributable to EnergyLink's copyright infringement in an amount to be determined at trial, plus interest, pursuant to 17 U.S.C. § 504;

(j)     recovery of Braden's costs associated with this action;

(k)     an award of exemplary and punitive damages to Braden to the extent permitted by law; and

(l)     such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Braden demands a trial by jury trial on all issues so triable.

Dated: April 5, 2023

FISH & RICHARDSON P.C.

By: */s/ Kevin Su*
    Kevin Su,
    *Attorney-in-Charge* (*Pro Hac Vice*)
    Massachusetts Bar No. 663726
    Adam J. Kessel (*Pro Hac Vice*)
    Massachusetts Bar No. 661211
    Philip K. Chen (*Pro Hac Vice*)
    Massachusetts Bar No. 703289
    One Marina Park Drive
    Boston, MA 02210
    Tel. (617) 521-7042  Fax. (617) 542-8906
    Email: su@fr.com; kessel@fr.com;
    pchen@fr.com

    Bailey K. Benedict (admitted in the Southern
    District of Texas)
    Texas Bar No. 24083139
    S.D. TX Federal ID No. 1725405
    Joshua H. Park (admitted in the Southern
    District of Texas)
    Texas Bar No. 24121766
    S.D. TX Federal ID No. 3653542
    909 Fannin St., 21st Floor
    Houston, TX 77010
    Tel. (713) 654-5399  Fax. (713) 652-0109
    Email: benedict@fr.com; jpark@fr.com

    Kristen McCallion (*Pro Hac Vice*)
    New York Bar No. 4428470
    7 Times Square
    20th Floor
    New York, NY 10036
    Tel. (212) 765-5070  Fax. (212) 258-2291
    Email: mccallion@fr.com

    *Attorneys for Plaintiffs*
    *Braden Europe B.V. and Braden Americas, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 5, 2023 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5.1.

*/s/ Kevin Su*
*Kevin Su*
