IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADEN GROUP B.V.<br>and BRADEN AMERICAS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ENERGYLINK INTERNATIONAL INC.<br>and ENERGYLINK CORPORATION,<br><br>Defendants. | § § § § § § § § § § § § | Civil Action No. 4:23-cv-00630<br><br>Judge Keith P. Ellison |

**DEFENDANTS' MOTION TO UNSEAL**
**EXHIBIT K TO FIRST AMENDED COMPLAINT**

Braden's publicly filed first amended complaint spends nearly half a page describing the contents and context of its Exhibit K, which is an agreement between Braden and Innova Global Operating Ltd.:

> 27. On or about April 1, 2019, PricewaterhouseCoopers Inc. LIT. ("PwC") was appointed receiver and manager of all of Innova Global Operating Ltd.'s assets. On August 22, 2019, Innova Global Europe B.V. (now Plaintiff Braden Group B.V.) and PwC, in its capacity as receiver and manager of Innova Global Operating Ltd., entered into a Purchase and Sale Agreement, whereby Innova Global Europe B.V. agreed to purchase certain of Innova Global Operating Ltd.'s assets from PwC.
>
> 28. By way of the August 22, 2019 Purchase and Sale Agreement, PwC, as receiver and manager of Innova Global Operating Ltd.'s assets, transferred to Innova Global Europe B.V. (now Plaintiff Braden Group B.V.) drawings (including the "Engineering Drawings" referenced in this Complaint) and the intellectual property rights therein. A copy of the August 22, 2019 Purchase and Sale Agreement is attached hereto as Exhibit K.

(Doc. No. 33 ¶¶ 27–28.)

Despite making all this information public, Braden filed Exhibit K under seal. (Doc. No. 34-15.) Braden's alleged basis for sealing is conclusory and relies entirely on Braden's "belie[f]":

> Braden believes it would be harmful if this information were revealed to the public and/or Braden's competitors. As such, good cause exists to permit Braden to files [sic] . . . under seal.

(Doc. No. 32 at 2–3.) Braden neglects to explain why any specific part of Exhibit K should be filed under seal. Instead, it argues that the entire exhibit should be filed under seal—even the parts that Braden described in the publicly available first amended complaint.

All of Exhibit K should be unsealed. Because Braden filed Exhibit K with the Court, it is a "judicial record[]" subject to a "presumption of public access." *Dotson v. Edmonson*, No. 16-CV-15371, 2019 WL 8892583, at *4 & n.3 (E.D. La. Aug. 27, 2019) (collecting cases). As the "party seeking to seal court documents," Braden "bears the burden to . . . overcome" that presumption. *Salcido ex rel. K.L. v. Harris County*, No. 15-2155, 2018 WL 4690276, at *55 (S.D. Tex. Sept. 28, 2018). Braden cannot overcome the presumption with "general assertions" of confidentiality. *Id.* Instead it must either make a "particularized showing" of "prejudice or harm" or present "substantive reasons or argument" for sealing. *Id.*

Braden has done neither. It fails to identify *what* "information" in Exhibit K, if any, "would be harmful" to Braden if disclosed. (Doc. No. 32 at 2.) It fails to explain *why* it "believes" that disclosure of this unidentified information "would be harmful." (*Id.* at 2–3.) It does not even cite any confidentiality provision recited in Exhibit K, because no such provision exists. (*See* Doc. No. 34-15.) For all these reasons, Braden cannot overcome the presumption of public access with respect to any part of Exhibit K, much less the entire exhibit. The Court should unseal it.

| | |
|---|---|
| Dated: April 12, 2023 | Respectfully submitted, |
| | BAKER & HOSTETLER LLP |
| | *s/ Billy M. Donley* |
| Kevin W. Kirsch, of counsel | Billy M. Donley, attorney-in-charge |
| (admitted *pro hac vice*) | Texas Bar No. 05977085 |
| Ohio Bar No. 81996 | Mark E. Smith, of counsel |
| Andrew E. Samuels, of counsel | Texas Bar No. 24070639 |
| (admitted *pro hac vice*) | 811 Main Street, Suite 1100 |
| Ohio Bar No. 90189 | Houston, Texas 77002 |
| 200 Civic Center Drive, Suite 1200 | T (713) 751-1600 |
| Columbus, Ohio 43215 | F (713) 751-1717 |
| T (614) 228-1541 | |
| F (614) 462-2616 | *Attorneys for Defendants* |
| | *EnergyLink International Inc.* |
| | *and EnergyLink Corporation* |

## CERTIFICATE OF CONFERENCE

On behalf of Defendants and in accordance with Local Rule 7.1, the undersigned certifies that despite conferring with Plaintiffs' counsel, Mr. Kevin Su, the parties have been unable to reach agreement regarding confidentiality of Exhibit K in support of Plaintiffs' first amended complaint.

| | |
|---|---|
| Dated: April 12, 2023 | *s/ Kevin W. Kirsch* |
| | Kevin W. Kirsch |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 12, 2023 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5.1.

| | |
|---|---|
| Dated: April 12, 2023 | *s/ Billy M. Donley* |
| | Billy M. Donley |