**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRADEN GROUP B.V.** | § | |
| **and BRADEN AMERICAS, INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | **Civil Action No. 4:23-cv-00630** |
| | § | |
| **v.** | § | **Judge Keith P. Ellison** |
| | § | |
| **ENERGYLINK INTERNATIONAL INC.** | § | |
| **and ENERGYLINK CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' REPLY IN SUPPORT**
**OF MOTION TO STAY**

Braden admits that "the instant case involves a challenge to standing based on alleged lack of ownership of intellectual property rights." (Doc. No. 35 at 9.) Braden also admits that it knew of its copyright claims, which have a 3-year statute of limitations, at least 2 years and 364 days before it filed this action. (*Id.* at 10.) Braden's admissions highlight threshold standing and statute-of-limitations issues that should be resolved before this case can proceed to discovery. EnergyLink's motion to stay (Doc. No. 27 at 11–13) should be granted.

**1.      Braden's first amended complaint does not moot EnergyLink's motion to stay.**

EnergyLink's motion to stay identified "potentially dispositive standing and statute-of-limitations issues" in Braden's initial complaint for copyright infringement (among other claims). (*Id.* at 11.) The potentially dispositive standing issue is that Braden does not own the alleged copyrights: Braden alleges that it acquired the copyrights from Innova Global Ltd., yet relies on an agreement between Braden and Innova Global *Operating* Ltd. for its ownership claim. (Doc. No. 28-1 at 3–4; Doc. No. 28-2.) The potentially dispositive statute-of-limitations issue was that

1

the statute of limitations for copyright infringement is 3 years, yet Braden's copyright infringement allegations rely on an email from 2 years and 364 days before the complaint was filed. (Doc. 27 at 12.) And the email suggests that other communications about the alleged infringement had taken place even earlier—if so, then Braden's claim is likely time-barred. (*Id.*)

Both of these issues remain in Braden's first amended complaint. Braden continues to inexplicably rely on an agreement with Innova Global *Operating* Ltd. to claim ownership of copyrights originally owned by Innova Global Ltd. (Doc. No. 33 ¶¶ 27–28.) And Braden continues to rely on the 2-year, 364-day old email for its copyright allegations. (*Id.* ¶ 37, Doc. No. 33-16.) Braden's first amended complaint does not moot this motion.

**2.     This case should be stayed pending resolution of EnergyLink's upcoming Rule 12 motion.**

Because Braden's first amended complaint suffers from the same defects as Braden's initial complaint, EnergyLink intends to file another Rule 12 motion on or before the April 19 deadline to answer the first amended complaint. This case should be stayed pending resolution of that motion.

Braden concedes that "stay[ing] discovery pending the outcome of a motion to dismiss" is "appropriate" in some cases. (Doc. No. 35 at 7) (quoting *Edge196 LLC v. Jointer, Inc.*, No. 20-3417, 2021 WL 4027696, at *1 (S.D. Tex. Jan. 22, 2021)). As EnergyLink explained in its opening brief (Doc. No. 27 at 11), those cases include cases in which the motion raises "threshold" issues such as standing. *Alex A. ex rel. Smith v. Edwards*, No. 22-573, 2023 WL 100146, at *3 (M.D. La. Jan. 4, 2023) (collecting cases); *Laufer v. Patel*, No. 1:20-CV-631, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021).

Braden's only response to *Smith* and *Laufer* is to try to distinguish them on their facts. (Doc. No. 35 at 8–9.) But neither case is limited to its facts. Both cases made a legal determination,

not a factual finding, that a case should be stayed pending the resolution of threshold issues on a Rule 12 motion. *Smith*, 2023 WL 100146, at *3; *Laufer*, 2021 WL 327704, at *2. This Court should do the same.

**3.**      **If any claims survive EnergyLink's upcoming Rule 12 motion, then this case should be stayed pending discovery on threshold standing and statute-of-limitations issues.**

Contrary to Braden's argument, there is sound "reason for a . . . stay" (Doc. No. 35 at 8) of any surviving claims pending targeted discovery on the threshold issues of standing and statute of limitations.

**Standing.** If Braden does not own the copyrights at issue, then Braden lacks statutory standing to pursue its claims. *See* 17 U.S.C. § 501(b); *Tempest Pub., Inc. v. Hacienda Recs. & Recording Studio, Inc.*, No. 12-736, 2013 WL 5964516, at *7 (S.D. Tex. Nov. 7, 2013). Braden volunteers that it has "attach[ed] the transactional documents" that allegedly "support Braden's claim" of ownership to the first amended complaint. (Doc. No. 35 at 8.) Either those documents support ownership or they do not. Braden does not need "open discovery" to "prove its ownership." (*Id.*)

In fact, the documents *preclude* Braden's ownership. As EnergyLink will more fully explain in its Rule 12 motion, every engineering drawing at issue bears a legend identifying "Innova Global Ltd." as the owner of "[a]ll information contained within this drawing." (Doc. Nos. 33-1, 34-2 through 34-15.) Yet Braden claims to have acquired copyrights in the drawings not from Innova Global Ltd., the owner of the copyrights, but rather "[b]y way of [an] August 22, 2019 Purchase and Sale Agreement" with Innova Global *Operating* Ltd. (Doc. No. 33 ¶¶ 27–28.) That agreement expressly "exclud[es]" the transfer of intellectual property from "any Third Party," including Innova Global Ltd. (Doc. No. 34-15 §§ 1.1 (d), (s).) Braden could not possibly have acquired Innova Global Ltd.'s intellectual property under this agreement.

If Braden disagrees, then Braden must support its disagreement by pointing to something in the "transactional documents" themselves. Any discovery relevant to copyright ownership must focus on those documents and should not snowball into "open discovery."

**Statute of limitations.** Braden filed this copyright action on February 17, 2023. (Doc. No. 1.) The statute of limitations for civil copyright claims is three years "after the claim accrued." 17 U.S.C. § 507(b). A copyright claim accrues when the plaintiff "knew or had reason to know of the injury upon which the claim is based." *Jordan v. Sony BMG Music Ent. Inc.*, 354 F. App'x 942, 945 (5th Cir. 2009) (emphasis added). So if Braden knew or had reason to know of its alleged injury before February 17, 2020, then its claims are time-barred.

Braden alleges that it owns copyrights in "engineering drawings depicting aspects of an ammonia injection grid (AIG) assembly." (Doc. No. 33 at 1.) Braden does not dispute that it alleges only one specific act of infringement of those copyrights, and that the alleged act was carried out by an email dated February 18, 2020. (*See* Doc. No. 35 at 9–10.) Nor does Braden dispute that the February 18, 2020 email suggests that Braden knew or had reason to know of its alleged injury before that date. (Doc. No. 27 at 12.) Instead, Braden speculates that discovery might "uncover" other, undefined acts of infringement "after February 18, 2020." (Doc. No. 35 at 10.) But even if Braden's speculation came true, its statute-of-limitations problem would remain.

The copyright statute of limitations begins to run when a plaintiff knows or should know "of a potential *claim*" for copyright infringement, even if the plaintiff was "ignoran[t] of [the] *evidence*" supporting the potential claim. *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 341 (5th Cir. 1971) (emphasis added). "The key inquiry," in other words, "is when the claim accrued, not when the infringement occurred." *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F. Supp. 2d 935, 951 (S.D. Tex. 2013) (citing *Groden v. Allen*, 279 F. App'x 290, 294 (5th Cir. 2008)).

Braden's claims accrued at least as early as February 18, 2020, no matter when the alleged infringement occurred. If Braden's claims accrued even *two days* earlier than that, they are time-barred. Any remaining claims should be stayed pending discovery on this issue.

Dated: April 12, 2023

Respectfully submitted,

BAKER & HOSTETLER LLP

*s/ Billy M. Donley*

| | |
|---|---|
| Kevin W. Kirsch, of counsel | Billy M. Donley, attorney-in-charge |
| (admitted *pro hac vice*) | Texas Bar No. 05977085 |
| Ohio Bar No. 81996 | Mark E. Smith, of counsel |
| Andrew E. Samuels, of counsel | Texas Bar No. 24070639 |
| (admitted *pro hac vice*) | 811 Main Street, Suite 1100 |
| Ohio Bar No. 90189 | Houston, Texas 77002 |
| 200 Civic Center Drive, Suite 1200 | T (713) 751-1600 |
| Columbus, Ohio 43215 | F (713) 751-1717 |
| T (614) 228-1541 | |
| F (614) 462-2616 | |

*Attorneys for Defendants*
*EnergyLink International Inc.*
*and EnergyLink Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 12, 2023 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5.1.

Dated: April 12, 2023

*s/ Billy M. Donley*
Billy M. Donley