# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BRADEN GROUP B.V.<br>and BRADEN AMERICAS, INC.<br>    Plaintiffs<br><br>v.<br><br>ENERGYLINK INTERNATIONAL INC.<br>and ENERGYLINK CORPORATION<br>    Defendants | §§§§§§§§§§ | Civil Action No. 4:23-cv-00630<br><br>Judge Keith P. Ellison<br><br>JURY TRIAL DEMANDED |

## ENERGYLINK'S ANSWER
## TO BRADEN'S FIRST AMENDED COMPLAINT

Defendants EnergyLink International Inc. and EnergyLink Corporation (collectively "EnergyLink") answer the first amended complaint (Doc. No. 33) of Plaintiffs Braden Group B.V. and Braden Americas, Inc. (collectively "Braden") below.

### NATURE OF THE ACTION

1. Answering paragraph 1 of the first amended complaint, EnergyLink admits that Braden attempts to state claims for copyright infringement and declaratory judgments. EnergyLink denies the remainder of paragraph 1.

### THE PARTIES

2. EnergyLink is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the first amended complaint and therefore denies them.

3. EnergyLink is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the first amended complaint and therefore denies them.

4. Answering paragraph 4 of the first amended complaint, EnergyLink admits that Braden sells or offers to sell SCR systems in the United States. EnergyLink is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore denies them.

5. Answering paragraph 5 of the first amended complaint, EnergyLink denies the allegation about its address and states that the correct address is Suite 1900, 700 – 4th Avenue SW, Calgary, Alberta, T2P 3J4. EnergyLink admits the remaining allegations in paragraph 5.

6. Answering paragraph 6 of the first amended complaint, EnergyLink denies the allegation about its address and states that the correct address is Suite 1900, 700 – 4th Avenue SW, Calgary, Alberta, T2P 3J4. EnergyLink admits the remaining allegations in paragraph 6.

7. Answering paragraph 7 of the first amended complaint, EnergyLink admits that EnergyLink Corporation supplies SCR systems and related solutions in the United States and denies that EnergyLink International Inc. supplies SCR systems and related solutions in the United States. EnergyLink denies the remaining allegations in paragraph 7.

**JURISDICTION AND VENUE**

8. Answering paragraph 8 of the first amended complaint, EnergyLink denies that Braden states claims for copyright infringement and declaratory judgments upon which relief can be granted. EnergyLink further denies that Braden has standing to pursue its claims. EnergyLink admits the remainder of paragraph 8.

9. Answering paragraph 9 of the first amended complaint, EnergyLink admits that venue is proper over EnergyLink Corporation in this Court and denies that venue is proper over EnergyLink International Inc. in this Court. EnergyLink denies the remaining allegations in paragraph 9.

10. EnergyLink denies the allegations in paragraph 10 of the first amended complaint.

11. Answering paragraph 11 of the first amended complaint, EnergyLink admits that the website language is accurately cited. EnergyLink denies the remaining allegations in paragraph 11.

12. Answering paragraph 12 of the first amended complaint, EnergyLink admits that EnergyLink Corporation makes and supplies SCR systems to PROENERGY and denies that EnergyLink International Inc. makes and supplies SCR systems to PROENERGY. EnergyLink is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies them.

13. EnergyLink denies the allegations in paragraph 13 of the first amended complaint.

14. EnergyLink denies the allegations in paragraph 14 of the first amended complaint.

15. Answering paragraph 15 of the first amended complaint, EnergyLink admits that the website language is accurately cited. EnergyLink denies the remaining allegations in paragraph 15.

16. EnergyLink denies the allegations in paragraph 16 of the first amended complaint.

17. EnergyLink admits the allegations in paragraph 17 of the first amended complaint.

18. Answering paragraph 18 of the first amended complaint, EnergyLink admits that the website language is accurately cited. EnergyLink denies the remaining allegations in paragraph 18.

19. Answering paragraph 19 of the first amended complaint, EnergyLink admits that EnergyLink Corporation makes and supplies SCR systems to PROENERGY and denies that EnergyLink International Inc. makes and supplies SCR systems to PROENERGY. EnergyLink is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies them.

20. EnergyLink admits the allegations in paragraph 20 of the first amended complaint.

21. EnergyLink admits the allegations in paragraph 21 of the first amended complaint.

22. Answering paragraph 22 of the first amended complaint, EnergyLink admits that the website language is accurately cited. EnergyLink denies the remaining allegations in paragraph 22.

23. EnergyLink admits the allegations in paragraph 23 of the first amended complaint.

**FACTS**

24. Answering paragraph 24 of the first amended complaint, EnergyLink admits that Braden sells or offers to sell SCR systems in the United States. EnergyLink denies that Braden is the successor-in-interest to Innova Global Ltd. EnergyLink is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies them.

25. EnergyLink is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26. EnergyLink denies the allegations in paragraph 26 of the first amended complaint.

27. EnergyLink is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28. EnergyLink denies the allegations in paragraph 28 of the first amended complaint.

29. EnergyLink denies the allegations in paragraph 29 of the first amended complaint.

30. Answering paragraph 30 of the first amended complaint, EnergyLink states that the contents of the alleged "Engineering Drawings" are self-evident. If a further answer is required, EnergyLink denies the allegations in paragraph 30.

31. Answering paragraph 31 of the first amended complaint, EnergyLink states that the contents of the alleged "Engineering Drawings" are self-evident. If a further answer is required, EnergyLink denies the allegations in paragraph 31.

32. EnergyLink is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33. Paragraph 33 of the first amended complaint states legal conclusions to which no answer is required. If an answer is required, EnergyLink denies the allegations in paragraph 33.

34. Paragraph 34 of the first amended complaint states legal conclusions to which no answer is required. If an answer is required, EnergyLink denies the allegations in paragraph 34.

35. Answering paragraph 35 of the first amended complaint, EnergyLink denies that EnergyLink International Inc. supplies SCR systems to gas turbine operators in the United States and admits that EnergyLink Corporation supplies SCR systems to gas turbine operators in the United States. EnergyLink denies the remaining allegations in paragraph 35.

36. EnergyLink denies the allegations in paragraph 36 of the first amended complaint.

37. EnergyLink denies the allegations in paragraph 37 of the first amended complaint.

38. Answering paragraph 38 of the first amended complaint, EnergyLink states that the contents of Exhibit D to the first amended complaint are self-evident. If a further answer is required, EnergyLink denies the allegations in paragraph 38.

39. Answering paragraph 39 of the first amended complaint, EnergyLink states that the contents of Exhibit E to the first amended complaint are self-evident. If a further answer is required, EnergyLink denies the allegations in paragraph 39.

40. Answering paragraph 40 of the first amended complaint, EnergyLink states that the contents of Exhibit F to the first amended complaint are self-evident. If a further answer is required, EnergyLink denies the allegations in paragraph 40.

41. Answering paragraph 41 of the first amended complaint, EnergyLink states that the contents of Exhibit G to the first amended complaint are self-evident. If a further answer is required, EnergyLink denies the allegations in paragraph 41.

42. Answering paragraph 42 of the first amended complaint, EnergyLink states that the contents of Exhibit H to the first amended complaint are self-evident. If a further answer is required, EnergyLink denies the allegations in paragraph 42.

43. Answering paragraph 43 of the first amended complaint, EnergyLink states that the contents of Exhibit I to the first amended complaint are self-evident. If a further answer is required, EnergyLink denies the allegations in paragraph 43.

44. Answering paragraph 44 of the first amended complaint, EnergyLink states that the contents of Exhibit J to the first amended complaint are self-evident. If a further answer is required, EnergyLink denies the allegations in paragraph 44.

**COUNT I**

45. Answering paragraph 45 of the first amended complaint, EnergyLink incorporates each of the above paragraphs by reference.

46. EnergyLink denies the allegations in paragraph 46 of the first amended complaint.

47. Paragraph 47 of the first amended complaint states legal conclusions to which no answer is required. If an answer is required, EnergyLink denies the allegations in paragraph 47.

48. Answering paragraph 48 of the first amended complaint, EnergyLink states that the contents of Exhibits A-2 through A-15 to the first amended complaint are self-evident. If a further answer is required, EnergyLink denies the allegations in paragraph 48.

49. Paragraph 49 of the first amended complaint states legal conclusions to which no answer is required. If an answer is required, EnergyLink denies the allegations in paragraph 49.

50. EnergyLink denies the allegations in paragraph 50 of the first amended complaint.

51. EnergyLink denies the allegations in paragraph 51 of the first amended complaint.

52. EnergyLink denies the allegations in paragraph 52 of the first amended complaint.

53. EnergyLink denies the allegations in paragraph 53 of the first amended complaint.

54. EnergyLink denies the allegations in paragraph 54 of the first amended complaint.

## COUNT II

55. Answering paragraph 55 of the first amended complaint, EnergyLink incorporates each of the above paragraphs by reference.

56. Answering paragraph 56 of the first amended complaint, EnergyLink admits that Braden purports to state claims under the Declaratory Judgment Act. EnergyLink denies the remaining allegations in paragraph 56.

57. EnergyLink denies the allegations in paragraph 57 of the first amended complaint.

58. EnergyLink denies the allegations in paragraph 58 of the first amended complaint.

59. Answering paragraph 59 of the first amended complaint, EnergyLink states that the contents of Exhibit E to the first amended complaint are self-evident. If a further answer is required, EnergyLink denies the allegations in paragraph 59.

60. EnergyLink denies the allegations in paragraph 60 of the first amended complaint.

61. EnergyLink denies the allegations in paragraph 61 of the first amended complaint.

**COUNT III**

62. Answering paragraph 62 of the first amended complaint, EnergyLink incorporates each of the above paragraphs by reference.

63. Answering paragraph 63 of the first amended complaint, EnergyLink admits that Braden purports to state claims under the Declaratory Judgment Act. EnergyLink denies the remaining allegations in paragraph 63.

64. Answering paragraph 64 of the first amended complaint, EnergyLink states that the contents of Exhibits E and G to the first amended complaint are self-evident. If a further answer is required, EnergyLink denies the allegations in paragraph 64.

65. EnergyLink denies the allegations in paragraph 65 of the first amended complaint.

66. EnergyLink denies the allegations in paragraph 66 of the first amended complaint.

**COUNT IV**

67. Answering paragraph 67 of the first amended complaint, EnergyLink incorporates each of the above paragraphs by reference.

68. Answering paragraph 68 of the first amended complaint, EnergyLink admits that Braden purports to state claims under the Declaratory Judgment Act. EnergyLink denies the remaining allegations in paragraph 68.

69. Answering paragraph 69 of the first amended complaint, EnergyLink states that the contents of Exhibits E and G to the first amended complaint are self-evident. If a further answer is required, EnergyLink denies the allegations in paragraph 69.

70. EnergyLink denies the allegations in paragraph 70 of the first amended complaint.

71. EnergyLink denies the allegations in paragraph 71 of the first amended complaint.

**PRAYER FOR RELIEF**

EnergyLink denies that Braden is entitled to any of the relief that Braden requests in its prayer for relief.

**AFFIRMATIVE DEFENSES**

1. Braden fails to state a claim upon which relief can be granted.

2. Braden does not own the alleged copyrights.

3. Braden lacks standing, including under 17 U.S.C. § 501(b), to pursue its claims.

4. Braden's claims are barred by applicable statutes of limitations, including 17 U.S.C. § 507.

5. Braden's claims are barred because one or more of Braden's alleged copyrights are not registered and are not exempt from registration.

6. Braden is barred under 17 U.S.C. § 412 from recovering statutory damages or attorney's fees under the Copyright Act because any alleged acts of infringement occurred before registration of Braden's alleged copyrights and more than three months before first publication of the alleged copyrighted works.

7. Braden's alleged copyrights are invalid under the merger doctrine.

8. Braden's claims are barred by the doctrine of unclean hands.

9. Braden's claims are barred by copyright misuse.

10. Braden's claims are barred by the doctrine of fair use.

11. Braden's declaratory judgment claims fail to identify a justiciable controversy between the parties.

12. Braden has failed to join necessary parties.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38(b), EnergyLink demands a jury trial on all issues so triable.

Dated: April 19, 2023

Kevin W. Kirsch, of counsel
(admitted *pro hac vice*)
Ohio Bar No. 81996
Andrew E. Samuels, of counsel
(admitted *pro hac vice*)
Ohio Bar No. 90189
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
T (614) 228-1541
F (614) 462-2616

Respectfully submitted,

BAKER & HOSTETLER LLP

*s/ Billy M. Donley*
Billy M. Donley, attorney-in-charge
Texas Bar No. 05977085
Mark E. Smith, of counsel
Texas Bar No. 24070639
811 Main Street, Suite 1100
Houston, Texas 77002
T (713) 751-1600
F (713) 751-1717

*Attorneys for Defendants
EnergyLink International Inc.
and EnergyLink Corporation*

## CERTIFICATE OF SERVICE

Under Fed. R. Civ. P. 5(b)(2)(E), Local Rule 5.1, and Local Rule 5.3, the undersigned hereby certifies that true and correct copies of the foregoing have been served on all counsel of record via notice of electronic filing automatically generated by the Court's electronic filing system.

Dated: April 19, 2023

*s/ Billy M. Donley*
Billy M. Donley