IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADEN GROUP B.V. | § | Civil Action No. 4:23-cv-00630 |
| and BRADEN AMERICAS, INC. | § | |
|    Plaintiffs | § | Judge Keith P. Ellison |
| | § | |
|    v. | § | |
| | § | |
| ENERGYLINK INTERNATIONAL INC. | § | |
| and ENERGYLINK CORPORATION | § | |
|    Defendants | § | |

### DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

(or, Alternatively, Motion to Dismiss Count II
for Lack of Subject-Matter Jurisdiction)

**TABLE OF CONTENTS**

|     |     | Page |
| --- | --- | --- |
| I. | INTRODUCTION | 1 |
| II. | NATURE AND STAGE OF PROCEEDING | 1 |
| III. | ISSUES TO BE RULED UPON | 5 |
| IV. | ARGUMENT | 6 |
|     | A. Under Rule 12(c), EnergyLink is entitled to judgment on the pleadings because Braden does not own the alleged copyrights at issue. | 6 |
|     | B. Under Rule 12(b)(1), Braden's "declaratory judgment of copyright ownership" claim (Count II) should be dismissed for lack of a justiciable controversy. | 7 |
| V. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bhatti v. Sessions*,
 No. 16-2090, 2018 WL 4190141 (S.D. Tex. Aug. 10, 2018) ...................................................5

*Engel v. Teleprompter Corp.*,
 703 F.2d 127 (5th Cir. 1983) ....................................................................................................7

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*,
 634 F.3d 787 (5th Cir. 2011) ....................................................................................................5

*Helia Tec Res., Inc. v. GE & F Co.*,
 No. 09-1482, 2011 WL 4383085 (S.D. Tex. Sept. 20, 2011) ...................................................9

*Kolley v. Adult Protective Servs.*,
 No. 10-CV-11916, 2012 WL 5819475 (E.D. Mich. Feb. 10, 2012), *aff'd*, 725
 F.3d 581 (6th Cir. 2013) ...........................................................................................................7

*Porter v. Valdez*,
 424 F. App'x 382 (5th Cir. 2011) .............................................................................................5

*Sherwin-Williams Co. v. Holmes County*,
 343 F.3d 383 (5th Cir. 2003) .................................................................................................5, 7

*Slinski v. Bank of Am., N.A.*,
 981 F. Supp. 2d 19 (D.D.C. 2013) ............................................................................................8

*Twin City Fire Ins. Co. v. Carpenter*,
 No. 3:21-CV-1077, 2021 WL 3172269 (N.D. Tex. July 26, 2021) .......................................5, 7

**Statutes**

17 U.S.C. § 501(b) .......................................................................................................................5, 6

**Rules**

Fed. R. Civ. P. 12(b)(1) ...............................................................................................................5, 7

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................5

Fed. R. Civ. P. 12(c) ...................................................................................................................5, 6

**Other Authorities**

10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §
    2759 (3d ed. 1998) ........................................................................................................8

## I. INTRODUCTION

All of Braden's claims depend on whether Braden owns, and whether EnergyLink infringed, valid copyrights in fifteen alleged "Engineering Drawings." (Doc. No. 33 ¶¶ 1, 30.) Because the pleadings establish that Braden does not own the alleged copyrights, the Court should enter judgment for EnergyLink.

Braden admits that the "Engineering Drawings" were "created . . . on behalf of" and "kept by" a third party, **Innova Global Ltd.** (*Id.* ¶ 32.) Each drawing says on its face that "[a]ll information contained within this drawing is the exclusive property of **Innova Global Ltd.**" (Doc. Nos. 33-1, 34-2 through 34-15.) Yet Braden claims ownership of the drawings "and the intellectual property rights therein" by way of an agreement between Braden and **Innova Global Operating Ltd.** (Doc. No. 33 ¶ 28.) And Braden admits that **Innova Global Ltd.** and **Innova Global Operating Ltd.** are distinct entities. (*Id.* ¶ 25.) Braden could not, as a matter of law, have acquired **Innova Global Ltd.**'s copyrights from **Innova Global Operating Ltd.**

Braden's Count II, seeking a "declaratory judgment of copyright ownership," should be dismissed for an additional reason: EnergyLink has not claimed ownership of the alleged copyrights. Rather, EnergyLink contends that a third party owns them. That contention does not give rise to a declaratory judgment-worthy dispute between Braden and EnergyLink.

## II. NATURE AND STAGE OF PROCEEDING

Last December, Braden's lawyers sent EnergyLink's CEO a letter accusing EnergyLink of having possessed, "used and/or disclosed" unidentified "intellectual property assets" allegedly "belonging to" Braden. (*Id.* ¶ 38; Doc. No. 33-18.) Without any supporting evidence, Braden demanded that EnergyLink "immediately return" the unidentified "assets" and threatened to sue EnergyLink "for misappropriation of trade secrets, breach of contract, unfair competition, breach

1

of the fiduciary duty of loyalty, and tortious interference with prospective economic advantage." (*Id.*)

EnergyLink wrote Braden back to request "evidence" of what the "assets" were, how Braden claimed ownership of those assets, and how EnergyLink allegedly misused the assets. (Doc. No. 33-19.) Braden took two weeks to respond. (Doc. 33-23.) And Braden's response was just as vague as its initial letter: "As a non-limiting example, Braden believes that EnergyLink is improperly in possession of and/or misusing drawings that depict aspects of Braden and/or Innova's AIG[1] design." (*Id.*) Braden added, without evidence, that it "dispute[d] th[e] statement" that it did not own the "assets." (*Id.*) EnergyLink tried to continue its discussions with Braden, but Braden did not respond further. (Doc. 33-24.)

Instead, Braden sued EnergyLink. But Braden did not assert any of the claims that it threatened in its letter. Rather than claiming trade secret misappropriation or breach of contract, for example, Braden built its entire initial complaint around one specific copyright and unidentified other copyrights:

- In Count I, Braden claimed infringement of one copyright in one "AIG Assembly Drawing." (Doc. No. 1 ¶ 39.) While Braden alleged that its claim was "including but not limited to" that one copyright, Braden identified no other particular copyright in its complaint. (*Id.* ¶ 38.)

- In Count II, Braden sought a declaratory judgment "that Braden is the owner of the copyright in the Engineering Drawings, including but not limited to the AIG Assembly Drawing." (*Id.* ¶ 50.) Braden identified no other particular copyright or drawing in its complaint.

- In Count III, Braden sought a declaratory judgment of no tortious interference with EnergyLink's prospective business relations. Braden claimed that its allegations of copyright ownership and infringement relating to the Engineering Drawings "do not constitute tortious interference." (*Id.* ¶ 55.) Braden identified no

---

[1] "AIG" means "ammonia injection grid," which is a part of a selective catalytic reduction ("SCR") system. SCR systems "help gas turbine systems generate clean power and reduce emissions of harmful air pollutants." (Doc. No. 33 ¶¶ 1, 4, 24.)

> particular Engineering Drawings except the one "AIG Assembly Drawing." (*Id.* ¶ 51.)

- In Count IV, Braden sought a declaratory judgment of no business disparagement on the same grounds as those alleged in Count III. (*Id.* ¶ 60.)

After EnergyLink moved to dismiss the initial complaint for (among other things) failure to identify the alleged copyrights at issue and failure to plausibly allege copyright ownership, Braden filed the amended complaint at issue here. (Doc. Nos. 27, 33.)

In the amended complaint, Braden's legal theories remain the same as in the initial complaint. But Braden now identifies fourteen new alleged copyrighted drawings, bringing the total to fifteen. (Doc. No. 33 ¶ 30.) Braden alleges that each drawing was "created . . . on behalf of" and "kept by" "Innova," which Braden defines as **Innova Global Ltd.** (*Id.* ¶¶ 24, 32.) Sure enough, all fifteen of Braden's alleged drawings include a legend that identifies the "exclusive" owner of "[a]ll information contained within this drawing" as **Innova Global Ltd.**:

> All information contained within this drawing is the exclusive property of
> **Innova Global Ltd**
> This design information is CONFIDENTIAL and must not be reproduced or distributed to outside parties without consent of Innova Global Ltd
> By using this drawing the user agrees to abide by these foregoing terms and conditions.

(Doc. Nos. 33-1, 34-2 through 34-15.)

Yet Braden claims to have acquired copyrights in these drawings not from **Innova Global Ltd.**, the owner of the copyrights, but rather "[b]y way of [an] August 22, 2019 Purchase and Sale Agreement" with **Innova Global <u>Operating</u> Ltd.** (Doc. No. 33 ¶¶ 27–28.) Braden admits that these two entities are distinct: "**Innova Global Ltd.** was a Canadian holding company that owned and controlled its Canadian operating subsidiary, **Innova Global Operating Ltd.**" (*Id.* ¶ 25) (emphasis added).[2]

---

[2] On information and belief, **Innova Global <u>Operating</u> Ltd.** is in fact an *indirect, twice-removed* subsidiary of **Innova Global Ltd.**, although this fact is not necessary to decide this motion.

In fact, the agreement between Braden and **Innova Global <u>Operating</u> Ltd.** expressly *precludes* any transfer of intellectual property from **Innova Global Ltd.** to Braden. Here is how:

1. Under the agreement, Braden [Redacted per Doc. No. 36]:

    

    (Doc. No. 34-15 §§ 2.1–2.2) (emphasis added).

2. [Redacted per Doc. No. 36]:

    [Redacted per Doc. No. 36]

    (*Id.* § 1.1(c)) (emphasis added).[4]

3. [Redacted per Doc. No. 36]

    [Redacted per Doc. No. 36]

    (*Id.* § 1.1(d)) (emphasis added).

---

[3] [Redacted per Doc. No. 36] (Doc. No. 33 ¶ 27.)

[4] [Redacted per Doc. No. 36] (Doc. No. 34-15 § 1.1(c), Schedule A.)

4

4.                                                Redacted per Doc. No. 36

                                              Redacted per Doc. No. 36

(*Id.* § 1.1(s)) (emphasis added).

Taking these provisions together:

- Braden acquired             Redacted per Doc. No. 36.

- Braden did *not* acquire **Innova Global Ltd.**'s intellectual property.

### III. ISSUES TO BE RULED UPON

1. Whether, under Fed. R. Civ. P. 12(c), EnergyLink is entitled to judgment on all of Braden's claims because Braden does not own the alleged copyrights at issue and therefore lacks statutory standing. 17 U.S.C. § 501(b). The standard of review is the same plausibility standard that applies under Fed. R. Civ. P. 12(b)(6). *Porter v. Valdez*, 424 F. App'x 382, 385 (5th Cir. 2011); *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011); *Bhatti v. Sessions*, No. 16-2090, 2018 WL 4190141, at *2 (S.D. Tex. Aug. 10, 2018).

2. Whether, under Fed. R. Civ. P. 12(b)(1), Braden's "declaratory judgment of copyright ownership" claim (Count II) should be dismissed for lack of subject-matter jurisdiction because EnergyLink has not claimed ownership of the disputed copyrights. The standard of review requires consideration of "(1) whether the claim is justiciable; (2) whether the district court has the authority to grant declaratory relief; and (3) whether to exercise its discretion not to hear the case." *Twin City Fire Ins. Co. v. Carpenter*, No. 3:21-CV-1077, 2021 WL 3172269, at *2 (N.D. Tex. July 26, 2021) (citing *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003)).

## IV. ARGUMENT

### A. Under Rule 12(c), EnergyLink is entitled to judgment on the pleadings because Braden does not own the alleged copyrights at issue.

Braden's own complaint and exhibits confirm that Braden does not own the alleged copyrights at issue. Braden therefore lacks statutory standing to assert the copyrights, 17 U.S.C. § 501(b), this Court lacks subject-matter jurisdiction over Braden's claims, and EnergyLink is entitled to judgment under Fed. R. Civ. P. 12(c).

All four of Braden's claims depend on whether Braden owns copyrights in "Engineering Drawings." *See* Doc. No. 33 at Count I ¶ 46 ("Braden is the sole and exclusive copyright owner of the Engineering Drawings . . . ."), Count II ¶¶ 55, 57 (incorporating prior paragraphs and alleging that "Braden . . . is the sole and exclusive copyright owner in the Engineering Drawings"), Count III ¶¶ 62, 66 (incorporating prior paragraphs, alleging that "Braden owns all rights in and to the Engineering Drawings," and attempting to plead truth-of-ownership as a defense), Count IV ¶¶ 67, 71 (same as Count III). Braden claims to have acquired the alleged copyrights by way of an agreement between Braden and **Innova Global Operating Ltd.** (*Id.* ¶ 28.) But the agreement conclusively refutes Braden's claim.

As detailed above, the "Engineering Drawings" were "created . . . on behalf of" and "kept by" **Innova Global Ltd.** (*Id.* ¶ 32.) Each drawing states on its face that "[a]ll information contained within this drawing is the exclusive property of **Innova Global Ltd.**" (Doc. Nos. 33-1, 34-2 through 34-15.) But the agreement between Braden and **Innova Global Operating Ltd.** did not transfer any of **Innova Global Ltd.**'s copyrights to Braden. Under the agreement, Braden acquired only ■■■ Redacted per Doc. No. 36 ■■■ . (Doc. No. 34-15 §§ 1.1(c), 2.1–2.2.) Braden expressly *did not* acquire **Innova Global Ltd.**'s intellectual property. (*Id.* §§ 1.1(d), (s).)

6

The agreement's ███ Redacted per Doc. No. 36 ███ is consistent with basic corporate law. "A parent corporation," such as **Innova Global Ltd.**, generally "possesses a separate existence and is treated separately from a subsidiary," such as **Innova Global <u>Operating</u> Ltd.** *Engel v. Teleprompter Corp.*, 703 F.2d 127, 134 (5th Cir. 1983). That is why "ownership of the stock of a corporation is not synonymous with ownership of the corporate assets." *Id.* So even if "a wholly owned subsidiary . . . owned" certain assets, that would "not justify the conclusion that [the parent] is the owner of the assets." *Id.* Here, then, **Innova Global <u>Operating</u> Ltd.**'s intellectual property is not **Innova Global Ltd.**'s intellectual property. As a matter of law, Braden acquired no copyright in any alleged Engineering Drawing and EnergyLink is entitled to judgment on all of Braden's claims.

**B. Under Rule 12(b)(1), Braden's "declaratory judgment of copyright ownership" claim (Count II) should be dismissed for lack of a justiciable controversy.**

Braden's Count II, seeking a "declaratory judgment of copyright ownership," should be dismissed for a second, independent reason: there is no controversy about whether Braden or *EnergyLink* owns the copyrights at issue. The dispute is about whether Braden or *a third party*, such as Innova Global Ltd., owns the copyrights. So Count II should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. *See Twin City Fire*, 2021 WL 3172269, at *1 (dismissing declaratory judgment claim under Rule 12(b)(1)).

"Courts in the Fifth Circuit consider three questions when deciding whether to dismiss a declaratory relief action: (1) whether the claim is justiciable; (2) whether the district court has the authority to grant declaratory relief; and (3) whether to exercise its discretion not to hear the case." *Id.* at *2 (citing *Sherwin-Williams*, 343 F.3d at 387). In considering these questions, "one of the most important considerations that may induce a court to deny declaratory relief is that the judgment sought would not settle the controversy between the parties." *Kolley v. Adult*

*Protective Servs.*, No. 10-CV-11916, 2012 WL 5819475, at *9 (E.D. Mich. Feb. 10, 2012) (citing 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2759 (3d ed. 1998)), *aff'd*, 725 F.3d 581 (6th Cir. 2013).

A dispute about whether a party or a *third party* owns property, for example, does not settle a controversy between two parties. *Slinski v. Bank of Am., N.A.*, 981 F. Supp. 2d 19 (D.D.C. 2013). In *Slinski*, a prospective homebuyer and a prospective tenant sued Bank of America and Freddie Mac for allegedly denying them the chance to buy a condo. *Id.* at 23–25. In one of their claims, the plaintiffs sought a declaratory judgment "establishing whether Freddie Mac or Bank of America owns" the condo. *Id.* at 38. The court exercised its discretion to dismiss this claim because "the plaintiffs do not claim an ownership interest" in the condo "themselves." *Id.*

This Court should dismiss Braden's claim for similar reasons. Braden's claim raises the issue of whether Braden or a *third party*, such as Innova Global Ltd., owns the copyrights at issue. EnergyLink has not claimed ownership of the copyrights. So even if Braden were to win the relief it seeks—a declaration of copyright ownership—that relief would not settle the controversy between Braden and EnergyLink. The parties would still be litigating Braden's allegations of, and EnergyLink's defenses to, copyright infringement. Because Braden's requested declaration would not settle the controversy between the parties, its declaratory judgment claim should be dismissed.

And even if the declaration could settle the controversy between the parties, it would not settle any ownership controversy between the parties and *Innova Global Ltd.* Braden admits that the "Engineering Drawings" were "created . . . on behalf of" and "kept by" Innova Global Ltd. (Doc. No. 33 ¶ 32.) EnergyLink believes that Innova Global Ltd. continues to own the

intellectual property, including copyrights, in those drawings. These issues make Innova Global Ltd. a necessary party, and Braden's claim of copyright ownership cannot proceed without Innova Global Ltd. *See Helia Tec Res., Inc. v. GE & F Co.*, No. 09-1482, 2011 WL 4383085, at *4 (S.D. Tex. Sept. 20, 2011) (dismissing complaint for failure to join necessary third party when "[d]isposition of the dispute . . . will necessarily result in determination of the ownership" of property to which third party "currently holds title"). Braden's Count II should be dismissed for this additional reason.

## V. CONCLUSION

EnergyLink's motion for judgment on the pleadings should be granted, and the Court should enter judgment for EnergyLink on all of Braden's claims. Alternatively, Braden's Count II should be dismissed for lack of subject-matter jurisdiction.

Dated: April 19, 2023

Respectfully submitted,

BAKER & HOSTETLER LLP

*s/ Billy M. Donley*

| | |
|---|---|
| Kevin W. Kirsch, of counsel | Billy M. Donley, attorney-in-charge |
| (admitted *pro hac vice*) | Texas Bar No. 05977085 |
| Ohio Bar No. 81996 | Mark E. Smith, of counsel |
| Andrew E. Samuels, of counsel | Texas Bar No. 24070639 |
| (admitted *pro hac vice*) | 811 Main Street, Suite 1100 |
| Ohio Bar No. 90189 | Houston, Texas 77002 |
| 200 Civic Center Drive, Suite 1200 | T (713) 751-1600 |
| Columbus, Ohio 43215 | F (713) 751-1717 |
| T (614) 228-1541 | |
| F (614) 462-2616 | |

*Attorneys for Defendants*
*EnergyLink International Inc.*
*and EnergyLink Corporation*

## CERTIFICATE OF SERVICE

Under Fed. R. Civ. P. 5(b)(2)(E), Local Rule 5.1, and Local Rule 5.3, the undersigned hereby certifies that true and correct copies of the foregoing have been served on all counsel of record via notice of electronic filing automatically generated by the Court's electronic filing system.

Dated: April 19, 2023

*s/ Billy M. Donley*
Billy M. Donley