IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRADEN GROUP B.V. and BRADEN AMERICAS, INC.<br>　　　　Plaintiffs,<br><br>　　v.<br><br>ENERGYLINK INTERNATIONAL INC. and ENERGYLINK CORPORATION,<br>　　　　Defendants. | C.A. No. 4:23-cv-00630<br><br>**JURY TRIAL REQUESTED** |

**PLAINTIFFS BRADEN GROUP B.V. AND BRADEN AMERICAS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO UNSEAL EXHIBIT K TO BRADEN'S FIRST AMENDED COMPLAINT**

Braden opposes EnergyLink's Motion to Unseal Exhibit K to Braden's First Amended Complaint (Dkt. 37). There is no dispute that Exhibit K is a private agreement between private companies. As such, it should remain under seal.[1]

Exhibit K reflects commercially sensitive details regarding a purchase of assets by Braden's predecessor, Innova Global Europe B.V., from a third party, PricewaterhouseCoopers Inc. LIT (as receiver of Innova Global Operating Ltd.). Exhibit K has never been shared with the public or Braden's customers, let alone with any competitor such as EnergyLink. The public disclosure of this information would unfairly prejudice and risk serious competitive harm to Braden. In light of Braden's legitimate interest in maintaining the confidentiality of Exhibit K,

---

[1] Although Braden intended to produce Exhibit K, *inter alia*, under seal in the ordinary course of discovery, at EnergyLink's insistence, Braden produced the agreement confidentially to EnergyLink's counsel (and attached it under seal to its First Amended Complaint) in the pleadings stage in a good faith attempt to resolve alleged pleading deficiencies. Instead of resolving or narrowing the disputes at the pleading stage to allow the case to proceed to open discovery, EnergyLink has filed the instant motion to unseal, as well as a Rule 12(c) motion for judgment on the pleadings. (*See* Dkt. 41.)

1

the harm that would result to Braden from its public disclosure, and the lack of any countervailing public interests to support its disclosure, Exhibit K should remain under seal. *Sec. & Exchange Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (in exercising its discretion, a court must "balance the public's common law right of access against the interests favoring nondisclosure."). Indeed, it is this Court's practice to seal documents containing sensitive confidential information, especially when public disclosure of such information would be harmful to a party's business. *See, e.g., Binh v. King & Spalding LLP*, No. 4:21-CV-02234, 2022 WL 130879, at *3 (S.D. Tex. Jan. 10, 2022) (sealing purchase agreement and stating that "[s]ealing is appropriate when documents contain confidential business information and public disclosure might place the signatory parties at a competitive disadvantage in future negotiations") (cleaned up). EnergyLink's Motion should therefore be denied.

Braden has a legitimate private interest in nondisclosure of the contents of Exhibit K, which is a private, non-public, agreement reflecting details surrounding the sale of certain assets of Innova Global Operating Ltd. and is a result of private contractual negotiations between PricewaterhouseCoopers on the one hand and Braden's predecessor on the other. *See Mars, Inc. v. JCM Am. Corp.*, No. 05-3165 (RBK), 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007) ("Mars has a legitimate private interest in keeping confidential the terms of a confidential business agreement not otherwise available to the public."). These facts are undisputed. Braden considers the details of Exhibit K proprietary and confidential, and protects against their disclosure to the public, including its competitors like EnergyLink. Courts have routinely upheld the confidentiality of similar private commercial agreements and documents containing sensitive business information. *See, e.g.*, *Medwell, LLC v. Cigna Corp.*, No. 20-cv-10627, 2020 WL 7694008, at *5 (D.N.J. Dec. 28, 2020) (sealing exhibits containing confidential, proprietary, and commercial

information relating to privately negotiated benefit plans); *Mars*, 2007 WL 496816 at *3 (sealing purchase agreement between plaintiff and third parties).

Exhibit K should remain under seal because the interests favoring nondisclosure far outweigh the public's common law right of access. Exhibit K does not involve issues of a public nature or matters of a legitimate public concern, and EnergyLink points to none in its Motion. This is a case involving only *private* litigants: Braden and EnergyLink. And Exhibit K is an agreement involving only *private* parties, including PricewaterhouseCoopers, a private third party, and notably does not involve EnergyLink. These facts alone render inapposite EnergyLink's cited *Dotson* and *Salcido* cases, which concern *public* entities. *See Dotson v. Edmonson*, No. 16-CV-15371, 2019 WL 8892583, at *4 (E.D. La. Aug. 27, 2019) (public has an interest in accessing Louisiana State Police Department policies); *Salcido ex rel. K.L. v. Harris County*, No. 15-2155, 2018 WL 4690276, at *55–56 (S.D. Tex. Sept. 28, 2018) (public has an interest in court filings and deposition transcripts related to lawsuit stemming from death of inmate at public hospital). By contrast, EnergyLink's interests for disclosure are private in nature and concern only its self-interest in the inappropriate public disclosure of Braden's confidential information, motivated by its incorrect reading of Exhibit K to advance its competitive business goals. EnergyLink's interests in disclosure are not legitimate, much less representative of those of the public.

Indeed, EnergyLink's counsel has already revealed its motive for seeking public disclosure of Exhibit K: to misstate the value of Braden's acquired assets and Braden's rights in those assets to win business. EnergyLink's motive is reflected in its Rule 12(c) motion, in which it incorrectly describes the transaction and challenges Braden's ownership of the assets at issue.[2] (*See* Dkt. 41

---

[2] Exhibit K is part of a larger commercial transaction between Braden's predecessor and PricewaterhouseCoopers (as receiver of Innova Global Operating Ltd.) and does not represent the full scope of the transaction.

at 6–7.)  Public disclosure of Exhibit K, in view of EnergyLink's ulterior motive for unsealing, would harm Braden's positions and strategies in its business dealings in the marketplace, causing Braden to suffer serious injury.  *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").  This unfair prejudice to Braden is not speculative, but rather is EnergyLink's plain intent in unsealing Exhibit K.

EnergyLink also argues that Exhibit K should be unsealed because Braden "describ[ed] the contents and context of Exhibit K" in its First Amended Complaint and because Exhibit K does not contain a confidentiality provision on its face. (Dkt. 37 at 1–2.)  EnergyLink is wrong on both counts.  ***First***, the general statements regarding Exhibit K in Braden's First Amended Complaint do not describe the specific details of the asset purchase and sales agreement that is confidential to Braden.  (*See* Dkt. 33 ¶¶ 27–28.)  Instead, Braden amended its complaint to generally describe the context and facts surrounding the agreement itself in a good faith effort to resolve alleged pleading deficiencies raised by EnergyLink.  ***Second***, the absence of a confidentiality provision in an agreement does not preclude such an agreement from containing confidential information or for a company to treat it as confidential as Braden has done.  EnergyLink cites no authority otherwise.

As discussed above, EnergyLink fails to show that unsealing Exhibit K to Braden's First Amended Complaint is warranted.  Exhibit K was properly sealed on April 5, 2023, and it should remain sealed.  Braden's interests in maintaining the confidentiality of Exhibit K and the resulting harm to Braden from the public disclosure of its contents far outweigh any public interest in such information.  The Court should deny EnergyLink's Motion.

Dated: May 3, 2023

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Kevin Su*
   Kevin Su, Attorney-in-Charge (Pro Hac Vice)
   Massachusetts Bar No. 663726
   Adam J. Kessel (Pro Hac Vice)
   Massachusetts Bar No. 661211
   Philip K. Chen (Pro Hac Vice)
   Massachusetts Bar No. 703289
   One Marina Park Drive
   Boston, MA 02210
   Tel. (617) 521-7042  Fax. (617) 542-8906
   Email: su@fr.com; kessel@fr.com;
   pchen@fr.com

   Bailey K. Benedict
   Texas Bar No. 24083139
   S.D. TX Federal ID No. 1725405
   Joshua H. Park
   Texas Bar No. 24121766
   S.D. TX Federal ID No. 3653542
   909 Fannin St., 21st Floor
   Houston, TX 77010
   Tel. (713) 654-5399  Fax. (713) 652-0109
   Email: benedict@fr.com; jpark@fr.com

   Kristen McCallion (Pro Hac Vice)
   New York Bar No. 4428470
   7 Times Square
   20th Floor
   New York, NY 10036
   Tel. (212) 765-5070  Fax. (212) 258-2291
   Email: mccallion@fr.com

   *Attorneys for Plaintiffs*
   *Braden Europe B.V. and Braden Americas, Inc.*

5

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 3, 2023 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5.1.

                                                */s/ Kevin Su*
                                                Kevin Su